■ JOHN BROOKS, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, and JOSEPH W. GIARDINO, Respondent. — Judgment, Supreme Court, Bronx County (Torraca, J.), entered May 7, 1982 on a jury verdict in favor of plaintiff against both defendants in the sum of $100,417 which apportioned liability at 35% against defendant-appellant Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) and 65% against defendant Giardino, unanimously reversed, to the extent appealed from, on the law, without costs, the complaint against MABSTOA is dismissed, and the full amount of the judgment shall be entered against Giardino. On September 2, 1978 at about 11:00 P.M. plaintiff John Brooks was struck by a car driven by defendant Joseph Giardino moments after leaving a southbound MABSTOA bus at the Einstein Loop, Elgar Place intersection on the Hutchinson River Parkway service road. The road has one parking lane (lane one) and two traffic lanes (lanes two and three) facing south, and three lanes facing north. The plaintiff's theory of partial liability against MABSTOA arises from the fact that the bus driver had allowed plaintiff to leave the bus while it was stopped for a red light at a crosswalk approximately 50 feet north of the designated bus stop, in violation of section 122 of the New York City Traffic Regulations which provides insofar as herein relevant that "No driver of a bus shall pick up or discharge passengers on any street except at bus stops designated by the Commissioner of Traffic in writing." In this case the bus was angled in toward the curb in the parking lane and plaintiff was discharged in the crosswalk just "a step" away from the curb. There are two traffic lights at the intersection with pedestrian "walk/don't walk" signals. When plaintiff stepped into the crosswalk he observed that the light was red for vehicular traffic, and that he had a "walk" signal across the street at the northeast corner. As plaintiff started walking in an easterly direction in front of the bus and across the street, he observed the "don't walk" signal begin to flash. While in lane two he observed Giardino's car traveling south in lane three and slowing down as it approached the intersection. The light turned

green for traffic as plaintiff continued to cross the street, and he was thereupon struck by Giardino's car in lane three. Under the circumstances we perceive no basis for finding liability against MABSTOA. We doubt that the evidence established negligence on the part of the bus driver, despite the violation of section 122 of the traffic regulations, because plaintiff was not discharged into an area posing a foreseeable risk of special danger to him. (See *Sheehan v City of New York,* 40 NY2d 496, 501; cf. Liability of Motorbus Carrier to Passenger Injured Through Fall While Alighting at Place Other Than Regular Bus Stop, Ann., 7 ALR4th 1031.) Moreover, plaintiff was discharged in the crosswalk within a step of the curb, and certainly could have chosen to step onto the sidewalk. Instead he made a decision based on his observation of the traffic light and pedestrian crossing signal to proceed across the street. While plaintiff was in lane two and had already passed in front of the bus, he saw the crossing signal flashing "don't walk". At that point plaintiff made another independent decision to continue across the street whereupon he was struck in lane three. Although plaintiff was found by the jury not to have been guilty of contributory negligence, his independent, not reasonably foreseeable decision to continue across the street into the path of the oncoming car, after he had seen the car approaching and the warning signal at the crossing, constituted a further intervening cause that precludes a finding that the action of the bus driver (even if it were negligent) in discharging plaintiff at the unauthorized location was a proximate cause of the accident. (See *Sheehan v City of New York,* 40 NY2d 496, 503, *supra; Prosser,* Torts [4th ed], § 44.) Accordingly, we hold that there was neither negligence by MABSTOA nor was the conduct complained of the proximate cause, and the complaint against MABSTOA must be dismissed. Concur — Kupferman, J. P., Sandler, Carro, Silverman and Bloom, JJ.