GINA ORTOLA, Respondent, v CLARK J. BOUVIER, Respondent, and NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., Appellant.

Before a defendant may be held liable for negligence, it must be demonstrated that defendant owes a duty to plaintiff. "In the absence of a duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman,* 40 NY2d 781, 782). The question of the existence of a duty in any particular set of circumstances is entirely one of law to be determined by the courts (*Donohoe v Copiague Union Free School Dist.,* 64 AD2d 29, 33, *affd* 47 NY2d 440). Here, plaintiff was afforded a safe place to alight from the bus and, in fact, did leave the bus and proceed safely to the curb of the sidewalk and thence the crosswalk. By then the passenger-carrier relationship between plaintiff and NFT had terminated.

The only act of negligence on the part of NFT asserted by plaintiff is that the bus driver may have stopped the bus partly in the crosswalk. Upon any view of the facts, however, it cannot be concluded that such conduct proximately caused the accident. Plaintiff made an independent decision to pass in front of the standing bus into Bailey Avenue where she was struck by another vehicle. These were intervening acts which preclude a finding that the action of the bus driver was a proximate cause of the accident (*see, Brooks v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 656). (Appeal from order of Supreme Court, Erie County, Ricotta, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.