(February 25, 1986)

■ JOSEFINA RODRIGUEZ, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant, and GENARO TORO, Respondent.—Judgment and amended judgment of the Supreme Court, Bronx County (Alfred J. Callahan, J.), entered respectively on November 20, 1984 and June 7, 1985, upon a jury verdict in favor of plaintiff and against defendant Manhattan and Bronx Surface Transit Operating Authorty (MABSTOA) in the amount of $301,467.07, and in favor of defendant Genaro Toro dismissing the complaint and cross complaint against him, unanimously reversed, to the extent appealed from, on the law, without costs, and the complaint against MABSTOA is dismissed.

Plaintiff-respondent Josefina Rodriguez was injured on September 23, 1977 when she was struck by an automobile driven by defendant-respondent Genaro Toro. The accident occurred just north of the intersection of Westchester Avenue and 163rd Street. Moments before the accident Ms. Rodriguez alighted from a number 42 bus operated by defendant-appellant MABSTOA. The bus had been traveling south on Westchester Avenue under the elevated IRT line. The 163rd Street bus stop, like the other stops along the number 42 route

which runs under the el, is located between girders supporting the overhead tracks. On either side of the bus stop are lanes of southbound traffic. The bus stops under the el were formerly trolley stops. They have been assigned to MABSTOA and its predecessors for use as bus stops by the city since the late 1940's, when buses supplanted trolleys.

Although it is undisputed that the bus on which Ms. Rodriguez rode stopped at the 163rd Street stop with its forward end extending beyond the bus stop into the intersection, thus blocking the crosswalk to the east side of Westchester Avenue in violation of New York City Traffic Regulations § 81, it is also undisputed that Ms. Rodriguez was discharged from the bus's rear door into the bus stop. The record indicates that, once discharged, Ms. Rodriguez chose to follow other passengers around the rear of the bus rather than wait for the bus to move from the crosswalk it momentarily blocked while letting off passengers. The record further indicates that as she left the bus stop and stepped out from behind the bus Ms. Rodriguez was aware that the light had changed to green for northbound traffic. Nevertheless, Ms. Rodriguez attempted to finish crossing to the east side of the street. The car driven by Genaro Toro hit her just as she emerged from behind the bus into Westchester Avenue's northbound lane.

It is by now well established that common carriers must exercise reasonable care in affording passengers a safe place to alight. *(Bundy v City of New York,* 18 AD2d 799 [1st Dept 1963], *affd* 13 NY2d 1181 [1964].)* Plaintiff's recovery was based on the theory developed during trial that the bus stop at which plaintiff was discharged was not a safe place to alight. Plaintiff's expert, a pedestrian traffic engineering consultant, testified that the placement of the stop produced a tendency for passengers to cross Westchester Avenue by the path plaintiff attempted to take rather than by means of the crosswalk. This tendency was supposedly heightened by the bus's temporary blockage of the crosswalk to the point where the bus's improper placement could be considered the proximate cause of plaintiff's injury. Plaintiff urged that since she had been denied a safe place to alight, MABSTOA's duty to her continued until she reached the safety of the curb. The jury found that the driver's placement of the MABSTOA bus so that it blocked the crosswalk constituted a negligent failure to provide plaintiff a reasonably safe place to alight, and on that ground proceeded to find MABSTOA wholly responsible for plaintiff's injuries.

We find that the jury verdict for plaintiff was erroneous as a

matter of law. Plaintiff was safely discharged into the assigned bus stop in accordance with New York City Traffic Regulations § 122. At this point, the carrier's duty to plaintiff was at an end. MABSTOA does not control the placement of the bus stops it uses. These are designated by the Commissioner of Traffic (see, New York City Traffic Regulations § 122). Thus even if we were to agree that the subject bus stop was unsafely located, responsibility for that circumstance could not be attributed to MABSTOA. It is in any case apparent that the bus stop, located between two substantial pillars, was a safe place to alight. It was not because plaintiff remained within the confines of the bus stop that she was injured. Rather, her injury was eventuated by her independent decision to leave the relative safety of the bus stop and cross Westchester Avenue against the light by a route other than the crosswalk. This decision was plaintiff's own and cannot be attributed to MABSTOA's negligence. (See, Brooks v Manhattan & Bronx Surface Tr. Operating Auth., 94 AD2d 656 [1st Dept 1983].) No reasonable view of the evidence supports the conclusion that the bus's momentary obstruction of the crosswalk caused plaintiff's accident. There was nothing but the very slight inconvenience of a short wait to prevent plaintiff from remaining within the safety of the bus stop until the bus moved, allowing plaintiff to cross at the crosswalk, with the light and an unobstructed view of traffic. It may be, as plaintiff candidly testified, that this more prudent option unfortunately did not come to mind, yet legal responsibility for plaintiff's failure to exercise what can only be described as ordinary care in her own behalf cannot be properly placed with MABSTOA.

It is very basic that for a defendant to be found liable for damages grounded in negligence there must be a duty owed the plaintiff and a negligent breach of that duty proximately causing plaintiff's injury (Pulka v Edelman, 40 NY2d 781, 782 [1976]). In this case, neither condition of liability is satisfied. As a matter of law, MABSTOA's duty to plaintiff was terminated once plaintiff was deposited within the safety of the bus stop, and no reasonable view of the facts supports the conclusion that MABSTOA's placement of the bus proximately caused plaintiff's injury.

Accordingly, the judgment upon the jury verdict holding MABSTOA liable for the harm suffered by plaintiff must be reversed. Concur—Murphy, P. J., Ross, Asch, Lynch and Ellerin, JJ.