SHEILA MOONEY, Individually and as Mother and Natural Guardian of MICHAEL MOONEY, an Infant, Respondent, v NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC., a Subsidiary of NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. HELEN L. DREIFUS et al., Third-Party Defendants-Respondents.—Order unanimously reversed, on the law, without costs, and defendant's motion granted. Memorandum: Plaintiff, after alighting from a westbound bus owned and operated by Niagara Frontier Transit Metro System, Inc. (NFT), walked in front of the stopped bus and was struck by a westbound automobile owned by Harry Dreifus and operated by Helen L. Dreifus, third-party defendants, while crossing Ridge Road (New York State Route 104) in the Town of Lewiston. In our view, Special Term erred in denying NFT's summary judgment motion.

Common carriers have a duty to stop in a reasonably safe place for passengers to alight and may be held liable for injuries suffered by passengers forced to disembark at an unsafe place *(Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 117 AD2d 541, *lv denied* 68 NY2d 602). Here, the undisputed facts show that there are no predetermined bus stops along Route 104 and plaintiff was discharged at the place he requested, that he was discharged onto the shoulder or beyond the shoulder of the highway and that the road was straight, the sky was sunny and weather conditions were excellent. There is nothing in the record which indicates that plaintiff was invited to alight at an unsafe place. Once a passenger has alighted from a bus in a safe place, the usual carrier-passenger relationship terminates *(Ortola v Bouvier,* 110 AD2d 1077). Further, there is no proof that the bus driver encouraged plaintiff to cross in front of the bus; rather, the record shows that plaintiff immediately turned and stepped in front of the bus and that the driver was forced to wait while he crossed the road. On these facts, plaintiff has failed to show that the carrier assumed a duty to guide him across the street.

Although there is some question as to whether the bus driver observed the Dreifus vehicle in time to have warned plaintiff of its approach, it is settled law that "[c]arriers have no duty to warn passengers * * * of the usual and obvious dangers of traffic" (17 NY Jur 2d, Carriers, § 447, at 516) and in the absence of a duty there is no liability *(Ortola v Bouvier,* 110 AD2d 1077, *supra).*

Moreover, no reasonable view of the facts would support the conclusion that the obstruction of the highway by the bus was a proximate cause of the accident. Plaintiff made an independent decision to pass in front of the standing bus into Ridge Road where he was struck by another vehicle. "These were intervening acts which preclude a finding that the action of the bus driver was a proximate cause of the accident" *(Ortola v Bouvier, supra,* at p 1078; *see also, Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 117 AD2d 541, *supra; Brooks v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 656). (Appeal from order of Supreme Court, Niagara County, Mintz, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Schnepp, JJ.