■ GARY MILLER, Respondent, v DAVID FERNAN et al., Respondents, and WILLIAM REBMANN et al., Appellants.—Order reversed on the law without costs and motion granted. Memorandum: Special Term erred in denying the summary judgment motion of defendants Niagara Frontier Transit Metro System, Inc. and its bus driver William Rebmann. Plaintiff, upon request, was allowed to alight from the bus at an unscheduled stop. He then proceeded to leave a place of safety to cross the street in front of the bus and was struck by an oncoming vehicle. The defendants' action at most provided the occasion or condition for the occurrence, but was not one of its causes *(Sheehan v City of New York,* 40 NY2d 496, 503; *Rogers v Huggins,* 106 AD2d 621, 622). The intervening acts of plaintiff preclude a finding that any alleged negligence by defendants was a proximate cause of the accident *(Ortola v Bouvier,* 110 AD2d 1077; *Brooks v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 656).

All concur, except Callahan, J. P., and Balio, J., who dissent and vote to affirm in the following memorandum.

Callahan, J. P., and Balio, J. (dissenting). We are unable to agree with the majority's conclusion that, as a matter of law, plaintiff's conduct was an intervening cause which negated liability for any alleged negligence committed by the defendants Niagara Frontier and its driver.

On March 3, 1984, plaintiff and his girlfriend asked Niagara Frontier's bus driver if they could be discharged from the bus while it was held up in rush-hour traffic in the middle of a block along Richmond Avenue in Buffalo. At the time, the City of Buffalo was in the throes of recovering from a major winter blizzard. High snow banks lined both sides of the street

between the pavement and sidewalk, and the inclement conditions and existence of parked and stranded cars had reduced Richmond Avenue from 6 lanes to 2 narrow lanes of traffic. Although the bus was stopped only 3 or 4 car lengths from the intersection of Richmond and West Utica and there was a designated bus stop at the far corner of that intersection, the driver discharged plaintiff and his friend onto a small area in the street between two parked cars. Since the open lanes of traffic were narrow, there was little space between the traffic lane and parked cars. The record is in conflict regarding the availability of any access to the sidewalk. Plaintiff walked in front of the bus and, as he crossed into the opposite lane of travel, was struck by an oncoming vehicle.

The duty of a public carrier to discharge its passengers in a safe place includes not only affording them a safe place to alight, but also a reasonable opportunity to leave that place without incurring the risk of injury (see, Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 111, appeal dismissed 70 NY2d 742; see also, Fagan v Atlantic Coast Line R. R. Co., 220 NY 301, 306). In our view, evidence regarding the snow and slush conditions, parked and stranded vehicles, and congested traffic conditions during the rush hour presented factual issues as to whether plaintiff had any reasonably safe means of leaving the small area between cars and hence, whether the bus driver discharged plaintiff in a safe place.

Where a passenger makes an independent choice to walk in front of a bus and into the opposite lane of travel, the former passenger's conduct becomes a superseding and intervening cause as a matter of law (see, Ortola v Bouvier, 110 AD2d 1077). However, this presupposes that the plaintiff had a safe alternative (see, Mooney v Niagara Frontier Tr. Metro Sys., 125 AD2d 997; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., 117 AD2d 541, lv denied 68 NY2d 602; Ortola v Bouvier, supra). We conclude that plaintiff raised factual issues regarding the safety of all alternative means of leaving the space between parked cars within any reasonable period of time under the existing conditions, thereby precluding any finding of proximate cause as a matter of law (Fagan v Atlantic Coast Line R. R. Co., 220 NY 301, supra). We vote to affirm Supreme Court's denial of defendants' motion for summary judgment. (Appeal from order of Supreme Court, Erie County, Kane, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.