■ In the Matter of JODI EISENBERG, by Her Mother and

Natural Guardian, ETHEL EISENBERG, et al., Respondents, v VILLAGE OF MAMARONECK et al., Defendants, and COUNTY OF WESTCHESTER et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants County of Westchester, Westchester Street Transportation Company, and Edward Connolly appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), dated August 10, 1987, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint insofar as it is asserted against the appellants and any cross claims against the appellants are dismissed.

The infant plaintiff, 15 years old at the time of the accident, suffers a loss of memory as one of its results. The plaintiff's loss of memory is by itself insufficient to defeat the appellants' motion for summary judgment (cf., Smith v Stark, 67 NY2d 693). Although the appellants' public bus may have stood at an angle in the bus stop because of an illegally parked car, the record before us establishes that the infant plaintiff was struck by the defendants Polzers' vehicle after she safely alighted from the appellants' bus onto the sidewalk and then proceeded into a busy intersection. The appellants' duty to the infant plaintiff as a passenger terminated when she alighted safely on the curb (see, e.g., Mooney v Niagara Frontier Tr. Metro Sys., 125 AD2d 997; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., 117 AD2d 541, lv denied 68 NY2d 602; Ortola v Bouvier, 110 AD2d 1077). There is no showing that the bus driver committed any acts or failed to perform any duty owed to the infant plaintiff which was a substantial factor in bringing about the accident. Therefore, the Supreme Court should have granted the appellants' motion. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.