ABRAHAM KRAMER, Individually and as Administrator of the Estate of ANDREA KRAMER, Deceased, Plaintiff, v ANTHONY LAGNESE, Defendant and Third-Party Plaintiff-Respondent. CITY SCHOOL DISTRICT OF THE CITY OF LONG BEACH, Third-Party Defendant; FUGAZY CONTINENTAL CORP. et al., Third-Party Defendants-Appellants.—In a negligence action to recover damages for personal injuries and wrongful death, the third-party defendants Fugazy Continental Corp. and Raymond O'Kelly appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated March 2, 1988, as denied their motion for summary judgment dismissing the third-party complaint as against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed as against the appellants.

On October 31, 1980, the plaintiff's decedent, approximately 13 years of age, was struck by a motor vehicle and killed after alighting from a charter bus on a six-lane highway. The bus had been chartered by the City School District of the City of Long Beach for a class trip to Bear Mountain. The accident occurred at a controlled intersection at West Park Avenue and Lindell Boulevard in Long Beach, a stop designated by the teacher supervising the trip. The teacher escorted the decedent off the bus onto the sidewalk and returned to the bus. The decedent then ran in front of the stationary bus into West Park Avenue, against the light, and was struck by a vehicle in the center lane of traffic.

We find that the Supreme Court erred in denying the appellants' motion for summary judgment. The appellants' duty to the decedent as a passenger terminated when she alighted safely on the curb *(see, e.g., Matter of Eisenberg v Village of Mamaroneck,* 137 AD2d 817; *Mooney v Niagara Frontier Tr. Metro Sys.,* 125 AD2d 997; *Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 117 AD2d 541, *lv denied* 68 NY2d 602). In addition, there is no showing that the bus driver committed any act which was a proximate cause of the accident *(see, Eisenberg v Village of Mamaroneck, supra).* Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.