■ JAMES MARSHALL et al., Respondents, v CITY OF WATERTOWN et al., Appellants, et al., Defendant. DAVID LITTLE et al., Respondents, v CITY OF WATERTOWN, Appellant, et al., Defendant. PHILIP J. PUCCIA et al., Respondents, v CITY OF WATERTOWN, Appellant, et al., Defendant.—Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced separate actions (now consolidated) against the City of Watertown, its City Engineer and City Manager, and Reed & Siver Development Corporation for

damages allegedly sustained because of Reed & Siver's breach of certain conditions set forth in an agreement between plaintiffs and Reed & Siver concerning the construction and operation of a car wash facility. Liability of the City and its officials was sought based upon their alleged negligent issuance of temporary and permanent certificates of occupancy and failure properly to enforce the agreement's conditions, which the City incorporated as conditions to its preliminary site plan approval for the car wash facility. After joinder of issue and discovery, the City defendants moved for summary judgment upon the grounds that the City and its officials were immune from liability in issuing the certificates of occupancy and that the City did not assume a special duty to enforce the terms of the private agreement.

Supreme Court erred in concluding that a factual issue existed regarding the City's assumption of a special duty. Whether the City assumed a special duty to enforce the conditions for plaintiffs' protection is a question of law for the court to decide *(see, Ortola v Bouvier,* 110 AD2d 1077). By amending its prior resolution granting site plan approval to incorporate the conditions of the private agreement between plaintiffs and Reed & Siver, the City Council clearly assumed a special duty to enforce those conditions for plaintiffs' protection. Plaintiffs, therefore, were entitled to partial summary judgment on the issue of special duty. Supreme Court properly determined that factual issues existed whether plaintiffs detrimentally relied upon the City's assumption of duty and whether the City and its officials were negligent in the issuance of the certificates of occupancy and in the performance of their enforcement responsibilities.

We further conclude that there are factual issues concerning whether the City and its officials are immune from liability for the issuance of the temporary and permanent certificates of occupancy. As a general rule, a municipality and its officials are immune from liability for damages caused by quasi-judicial and discretionary acts, even where those acts are wrongful *(see, 154 E. Park Ave. Corp. v City of Long Beach,* 52 NY2d 991, *cert denied* 454 US 858; *Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831). Where, however, a violation is known and blatant, the municipality has a duty to refuse to issue the certificate of occupancy, and "[n]o exercise of judgment or weighing of competing factors [is] necessary" *(Garrett v Holiday Inns,* 58 NY2d 253, 263). Conflicting evidence was presented on that issue, thereby precluding summary judgment. (Appeal from Order of Supreme Court, Jefferson

County, Gilbert, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.