■ COLETTE THOMAS, Appellant, v HAMPTON EXPRESS, INC., Respondent, et al., Defendants. [617 NYS2d 831] —In an action to recover damages for personal injuries, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (Doyle, J.), entered February 26, 1993 which, inter alia, granted the motion of the defendant Hampton Express, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and denied that branch of her cross motion which was for a further deposition of the defendant Hampton Express, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, while a passenger on a bus operated by the defendant Hampton Express, Inc. (hereinafter Hampton Express), was discharged, pursuant to her request, at an undesignated stop. Thereafter, while attempting to cross the highway, she was struck by an automobile operated by the defendant Lynn T. Clark.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846; see also, Ross v Ching, 146 AD2d 55). It is uncontroverted that the plaintiff was discharged in a safe place, along the shoulder of Montauk Highway, and that her accident did not occur until she attempted to cross the highway. The duty owed by Hampton Express to the plaintiff terminated when she safely alighted the bus and safely left the area. In light of the fact that the plaintiff was discharged in a reasonably safe place, the accident was not the result of negligence on the part of Hampton Express.

There is no merit to the plaintiff's contention that the proof offered by Hampton Express, consisting of an unexecuted transcript, was insufficient to establish its entitlement to

summary judgment. Pursuant to the amended provision of CPLR 3116 (a), if either a party or a nonparty witness refuses or fails to sign a deposition transcript that has been properly prepared and submitted for signature, the unsigned deposition may be used at trial in any manner authorized *(see,* CPLR 3116 [a]; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3116.07).

While the plaintiff contends that further discovery is needed, a review of the record reveals that there are no essential facts which could be obtained by disclosure *(see, Zuckerman v City of New York,* 49 NY2d 557; *Auerbach v Bennett,* 47 NY2d 619).

Where, as here, the plaintiff failed to produce any evidence that there is a genuine issue of material fact precluding the granting of the motion of Hampton Express, summary judgment dismissing the complaint and all cross claims insofar as asserted against that defendant was appropriate. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.