■ PAULA HOPPING, Individually and as Mother and Guardian of SAIRA A. SHER, an Infant, et al., Respondents, v PATRICIA F. CONNORS et al., Defendants, and CAPITAL DISTRICT TRANSIT AUTHORITY, Appellant. [632 NYS2d 710] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered December 12, 1994 in Rensselaer County, which denied defendant Capital District Transit Authority's motion for summary judgment dismissing the complaint against it.

On September 19, 1991, in the early afternoon, plaintiff Paula Hopping and Saira Sher, her three-year-old daughter (hereinafter collectively referred to as plaintiffs), disembarked from a bus operated by defendant Capital District Transit Authority (hereinafter CDTA) at a bus stop on the east side of 4th Street, a one-way northbound thoroughfare, slightly north of its intersection with Fulton Street in the City of Troy, Rensselaer County. As they were leaving their bus, a bus which had been ahead of it departed. Plaintiffs then began to cross to the west side of 4th Street. In doing so, they walked in front of another CDTA bus (hereinafter the third bus) that had pulled into the curb behind the bus from which they had disembarked.

Before reaching the opposite side of the street, however, plaintiffs were struck and injured by a car driven by defendant Victor Dreshaj. This negligence action against the owner of the vehicle, Dreshaj, the City of Troy and CDTA ensued.

After issue was joined and some discovery had, CDTA moved for summary judgment dismissing the complaint against it, arguing that it had discharged its duty as a common carrier by providing plaintiffs a safe place to alight from the bus on which they had been riding (*see, Diedrick v City of New York*, 162 AD2d 496, 496-497; *Matter of Eisenberg v Village of Mamaroneck*, 137 AD2d 817, 818; *Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.*, 117 AD2d 541, 542, *lv denied* 68 NY2d 602), and that even if the third bus was illegally blocking the crosswalk, as plaintiffs maintain, it was Hopping's choice to cross the street in front of that bus, rather than to wait for the crosswalk to clear, that caused the accident. Supreme Court denied the motion and CDTA appeals.

CDTA's motion should have been granted. Plaintiffs' case against CDTA is premised on the fact—buttressed by eyewitness testimony as well as by expert reconstruction analysis—that when the third bus stopped to discharge passengers, it blocked the crosswalk. This, they contend, was a violation of the Vehicle and Traffic Law (*see*, Vehicle and Traffic Law §§ 145, 147, 1202 [a] [1] [d]) and provides ample support for a finding that CDTA breached its duty to exercise reasonable care, in the operation of its buses, to protect pedestrians (*see, Sullivan v Locastro*, 178 AD2d 523, 525-526, *lv denied* 81 NY2d 701; *Goode v Meyn*, 165 AD2d 436, 438). As CDTA notes, however, even accepting plaintiffs' factual allegations and their legal analysis with respect to duty and breach as correct, summary judgment in its favor is warranted nevertheless, for the record is devoid of proof that CDTA's conduct was a proximate cause of the accident (*see, Sheehan v City of New York*, 40 NY2d 496, 501).

Although plaintiffs contend, in their bill of particulars, that the positioning of the bus in the crosswalk obstructed their view of the intersection, or Dreshaj's view of them, there is no evidentiary foundation for these allegations. When the conclusion reached by plaintiffs' accident reconstruction expert—that the location of the third bus "had significant impact on the plaintiffs/pedestrian ability to view all oncoming traffic"—is considered in conjunction with the expert's accompanying diagram, it is apparent that it is geared only to visibility from the curb. Hopping, however, testified that before venturing into the traffic lanes, she walked out from the curb and looked

around the front of the third bus toward the intersection, and that from there she was able to see cars stopped for the light on 4th Street, as well as some vehicles further south on the roadway, and the pedestrian signal, which, she avers, showed that it was safe to cross. Given that Hopping took advantage of the better view available to her from the street side of the bus before making the decision to cross when and where she did, the expert's opinion, that visibility from the curb may have been less than optimal, is irrelevant.

Dreshaj also testified that his view of the intersection, and of the area where plaintiffs attempted to cross, was unobstructed, and plaintiffs have submitted no proof to the contrary. Moreover, the evidence is that plaintiffs were halfway across 4th Street, between the second and third of four lanes, well clear of any obstruction that may have been caused by the bus in the first lane, when the collision occurred. Accordingly, even if the positioning of the bus may have precipitated Hopping's decision to cross in the middle of the block (*but see, Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., supra*, at 543; *Ortola v Bouvier*, 110 AD2d 1077, 1078), nothing in the record supports a finding that its placement—or, for that matter, Hopping's decision to cross where she did—contributed to the happening of the accident, either by restricting Hopping's view of oncoming traffic or limiting Dreshaj's ability to see her and her daughter in ample time to avoid the collision.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Capital District Transit Authority and complaint dismissed against it.