■ WILGUERSON GEORGES et al., Respondents, v WINSTON RAJNARINE et al., Respondents, and NEW YORK CITY TRANSIT

AUTHORITY, Appellant. [715 NYS2d 81] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Wade, J.), entered July 27, 1999, as, upon a jury verdict on the issue of liability finding it 60% at fault in the happening of the accident, the defendants Winston Rajnarine and Ravin Rajnarine 30% at fault, and the plaintiff Wilguerson Georges 10% at fault, is in favor of the plaintiffs and against it on the issue of liability.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as asserted against the appellant, the action against the remaining defendants is severed, and a new trial is ordered on the issue of liability.

After alighting from a bus operated by the defendant New York City Transit Authority (hereinafter the NYCTA), the plaintiff Wilguerson Georges (hereinafter the plaintiff) was struck by a car driven by the defendant Ravin Rajnarine. It is well settled that a common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area (*see, Miller v Fernan,* 73 NY2d 844; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, *affd* 72 NY2d 888). A carrier's duty to its passenger terminates when he or she alights safely onto the curb (*see, Kramer v Lagnese,* 144 AD2d 648, 649).

In the case at bar, the bus allegedly stopped at an angle which caused its rear portion to be further away from the curb than usual. Nevertheless, the plaintiff was not in any direct danger when he exited the rear door of the bus and could have easily walked a few feet from the point of departure to the sidewalk. However, after alighting from the bus, the plaintiff instead chose to walk to the back of the bus, where he then turned right, began to cross the street, and was struck by the car. Under these circumstances, there was no causal connection between the plaintiff's accident and the fact that the bus stopped at an angle several feet from the curb. Thus, as a matter of law, the NYCTA is not liable (*see, Falvey v United States Gypsum Co.,* 21 NY2d 839; *Kramer v Lagnese, supra*; *Matter of Eisenberg v Village of Mamaroneck,* 137 AD2d 817; *Brooks v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 656). Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.