MARILYN O'LEAR, Appellant, v GUSTAVO ALVARADO et al., Respondents, et al., Defendants. [790 NYS2d 695]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered September 9, 2003, which granted the motion of the defendants Gustavo Alvarado and Manuel Figueroa for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was struck while crossing Bryant Avenue near the intersection of Bryant Crescent in White Plains, by a vehicle operated by the defendant Flavio M. Morales. Immediately prior to the accident, the plaintiff had been discharged by a taxi owned by the defendant Gustavo Alvarado and operated by the defendant Manuel Figueroa. The evidence indicates that the plaintiff safely alighted from the taxi and reached the sidewalk

next to the vehicle without incident. The plaintiff then stepped into the street behind the taxi and attempted to cross the street when she was struck by the Morales vehicle.

The defendants Figueroa and Alvarado moved to dismiss the complaint insofar as asserted against them on the ground that Figueroa had discharged the duty he owed to the plaintiff by stopping near the curb, where the plaintiff safely alighted and reached the sidewalk next to the vehicle. The Supreme Court granted that motion, dismissing the plaintiff's claims against the moving defendants. We affirm.

Figueroa discharged the duty he owed to the plaintiff to provide her with a place to safely disembark and leave the area (cf. *Miller v Fernan,* 73 NY2d 844, 846 [1988]). The facts of this case provide no reason to depart from the general rule that a "carrier's duty to its passenger terminates when he or she alights safely onto the curb" (*Georges v Rajnarine,* 277 AD2d 283, 284 [2000]; *Thomas v Hampton Express,* 208 AD2d 824 [1994]). Although the plaintiff submitted an expert's affidavit which concluded that the discharge point was unsafe because Bryant Avenue was a busy, three-lane roadway, eyewitness deposition testimony from the plaintiff, Figueroa, and Morales indicated that at the time of the accident, Bryant Avenue was not busy, the roadway was not obstructed, and visibility was good. The expert's speculative conclusion, which was contradicted by the eyewitnesses, was insufficient to raise a triable issue of fact (*see Bisceglia v International Bus. Machs.,* 287 AD2d 674, 675-676 [2001]). Luciano, J.P., Crane, Fisher and Lifson, JJ., concur.