Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 17, 2012, which, inter alia, granted defendant Felix Associates LLC’s (Felix) motion and defendant Consolidated Edison Company of New York, Inc.’s (Con Ed) cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when he was struck by defendant Khondokar Mia’s automobile as he tried to cross the street about 30 feet from the crosswalk. Plaintiff elected not to use the crosswalk, even though other pedestrians were using it, because of the placement of traffic cones that were left in the area by Felix and Con Ed and the unplowed condition of the street on what was a snowy day.
Felix, under its subcontract with Con Ed, was required to excavate the roadway, install a conduit, pour a concrete base, and repave the roadway when the work was completed. However, before the work was completed, Felix, under Con Ed’s direction, would, at the end of the work day, place steel skid-resistant plates over the construction area and remove them again when work resumed. Plaintiff contends that not only did the construction work cause him not to cross the street using the crosswalk, but as he tried to cross in the middle of the block, he slipped and fell on a steel plate left by Felix, and was struck by Mia’s automobile.
Dismissal of the complaint was proper under the circumstances. Felix did not owe plaintiff a duty of care since plaintiff was not a party to the contract between Felix and Con Ed, and there is no indication that Felix or Con Ed created any dangerous conditions in the crosswalk or on the street, as other pedestrians ahead of plaintiff used the crosswalk and the steel plates were in accord with city requirements (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). Furthermore, plaintiff’s action in crossing the street without checking the status of the traffic light or pedestrian crossing signal, and Mia’s inability to avoid hitting plaintiff in the snowy conditions, were the proximate causes of his accident (see e.g. Brown v Muniz, 61 AD3d 526 [1st Dept 2009], lv denied 13 NY3d 715 [2010]; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., 117 AD2d 541, 542 [1st Dept 1986], lv denied 68 NY2d 602 [1986]).
We have considered the remaining arguments and find them *458 unavailing.
Concur — Saxe, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.