◼ BRIAN O'CONNOR, as Administrator of the Estate of JAMES O'CONNOR, Deceased, Respondent, v RONNIE CAB CORP. et al., Respondents, and BARMA TAXI, INC., et al., Appellants, et al., Defendant. [37 NYS3d 334]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Barma Taxi, Inc., and Saifur Rahman appeal from an order of the Supreme Court, Queens County (Velasquez, J.), entered June 23, 2015, which denied their motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On February 22, 2012, at approximately 4:20 a.m., James O'Connor was a passenger in a taxicab traveling north on 21st Street in Astoria, Queens. 21st Street is a two-way street with two traffic lanes running in each direction and a parking lane on both sides of the street. When the taxicab reached its destination near the intersection of 21st Street and 25th Road, the driver, Saifur Rahman, pulled over to the right and stopped. O'Connor paid his fare, got out of the taxicab on the side closer to the curb, and closed the door. Before Rahman drove away, O'Connor walked around the taxicab and began to cross 21st Street. Before he got far, however, he was struck by another northbound taxicab, which was traveling in the left northbound lane. O'Connor eventually died from his injuries.

The plaintiff in this action is the administrator of O'Connor's estate. The defendants include, among others, Rahman and

the owner of his taxicab, Barma Taxi, Inc. (hereinafter together the Barma defendants), and Kofi Aidoo and Ronnie Cab Corp. (hereinafter together the Ronnie defendants), the driver and owner, respectively, of the taxicab that struck O'Connor. The Ronnie defendants asserted a cross claim against the Barma defendants.

After discovery, the Barma defendants moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. The plaintiff and the Ronnie defendants (hereinafter together the respondents) opposed the motion. The Supreme Court denied the motion, and the Barma defendants appeal. We affirm.

In support of their motion, the Barma defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other evidence, Rahman's deposition testimony. According to that testimony, after Rahman stopped his taxicab partially, but not fully, in the northbound parking lane of 21st Street, O'Connor got out, walked to the rear of Rahman's taxicab, and then began to cross 21st Street. Under this scenario, the positioning of Rahman's stopped taxicab at least partially in a traffic lane could not have obstructed Aidoo's view of O'Connor and, thus, could not have been a proximate cause of O'Connor's injuries (*see Hopping v Connors*, 220 AD2d 957, 958-959 [1995]). In other words, Rahman's alleged violation of traffic rules in stopping his taxicab too far from the curb would have been irrevelant.

In opposition, however, the respondents demonstrated the existence of triable issues of fact. Most relevant, the Barma defendants submitted Aidoo's deposition testimony. According to Aidoo, O'Connor attempted to cross 21st Street in front of Rahman's taxicab, not from behind it. Specifically, Aidoo testified that he saw O'Connor for the first time as Aidoo was almost parallel to Rahman's taxicab, just before O'Connor cleared the front of Rahman's taxicab and entered the lane in which Aidoo was traveling. Although Aidoo slammed on his brakes and swerved to the left, he was unable to avoid hitting O'Connor. Under this scenario, Rahman's taxicab, which was stopped at least partially in the right travel lane, may have obscured Aidoo's view of O'Connor as O'Connor began to cross the street. This raised a triable issue of fact as to whether Rahman's positioning of his car at least partially in a travel lane was a violation of the traffic rules of the City of New York (*see* 34 RCNY 4-08 [e]), and whether that violation was a proximate cause of the collision and of O'Connor's injuries and death (*see Yavkina v New York City Police Dept.*, 60 AD3d 669, 669-670

[2009]; *Chernin v New York City Metro. Tr. Auth.*, 52 AD3d 763, 763 [2008]; *Jordan v Aviles*, 288 AD2d 347, 348-349 [2001]).

Contrary to the position taken by our dissenting colleague, the duty of a common carrier to safely discharge a passenger is not the sole basis asserted for liability in this action. The asserted liability of Rahman does not depend on whether he breached his duty to O'Connor as his passenger. Rahman's alleged breach of that duty, by letting O'Connor off too far from the curb, did not proximately cause O'Connor's injuries, which resulted from his attempt to cross the street (*cf. Matter of Eisenberg v Village of Mamaroneck*, 137 AD2d 817, 818 [1988]; *Mooney v Niagara Frontier Tr. Metro Sys.*, 125 AD2d 997, 998 [1986]). Instead, liability arises, if at all, from Rahman's breach of duty to O'Connor as a pedestrian by positioning his cab partially in a traffic lane, thereby obstructing the view of drivers approaching from the rear (*see Sullivan v Locastro*, 178 AD2d 523, 525-526 [1991]; *cf. Matter of Eisenberg v Village of Mamaroneck*, 137 AD2d at 818).

We note that O'Connor's alleged conduct—Aidoo testified that O'Connor "darted in front of" Rahman's taxicab—raises an issue of comparative negligence that we cannot determine as a matter of law on this record (*see Castiglione v Kruse*, 27 NY3d 1018 [2016]).

Accordingly, the Supreme Court properly denied the Barma defendants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them. Balkin, J.P., Hall and Maltese, JJ., concur.

Roman, J., dissents, and votes to reverse the order, on the law, and grant the motion of the defendants Barma Taxi, Inc., and Saifur Rahman for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, with the following memorandum: I disagree with the majority's determination that the respondents raised a triable issue of fact as to whether the position of the vehicle owned by the defendant Barma Taxi, Inc., and operated by the defendant Saifur Rahman (hereinafter together the Barma defendants) was a proximate cause of the collision.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Barravecchio v New York City Tr. Auth.*, 83 AD3d 630, 632 [2011]). A carrier satisfies its duty to its passenger once he or she alights safely onto the curb (*see O'Lear v Alvarado*, 15 AD3d 637, 638 [2005]; *Georges v Rajnarine*, 277 AD2d 283, 284 [2000]; *Kramer v Lagnese*, 144 AD2d 648, 649 [1988]). Here,

the Barma defendants established their prima facie entitlement to judgment as matter of law by submitting evidence, including Rahman's deposition testimony, demonstrating that Rahman had pulled his taxi over to the right side of 21st Street, approximately three feet from the curb, and that the decedent safely exited the taxi at curbside from the rear passenger side door. The Barma defendants' submissions also showed that the decedent went behind Rahman's taxi, and that Rahman had started to pull away when he heard the sound of the impact behind him. This evidence established that the Barma defendants provided the decedent with a safe place to disembark and leave the area, thereby satisfying their duty to the decedent (*see O'Lear v Alvarado*, 15 AD3d at 638; *Thomas v Hampton Express*, 208 AD2d 824, 824 [1994]). Furthermore, the Barma defendants' submissions also established, prima facie, that Rahman's alleged violation of 34 RCNY 4-11 (c), which requires taxi operators engaged in picking up or discharging passengers to be within 12 inches of the curb, was not a proximate cause of the accident (*see Falvey v United States Gypsum Co.*, 21 NY2d 839, 840-841 [1968]; *Georges v Rajnarine*, 277 AD2d at 284).

In opposition, the affidavit and deposition testimony of the defendant Kofi Aidoo, the operator of the vehicle that struck the decedent, was, in my view, insufficient to raise a triable issue of fact. Although Aidoo indicated that the decedent crossed in front of Rahman's taxi, rather than behind it, he further stated that the decedent had suddenly darted in front of his vehicle before the intersection when Aidoo's vehicle was almost parallel with Rahman's taxi. There was no evidence that the decedent was in any danger when he exited the rear passenger side door of Rahman's taxi at curbside, or that he was compelled to cross the street where he did as a result of the placement of that vehicle (*cf. Miller v Fernan*, 73 NY2d 844 [1988]). Rather, the decedent, after having safely alighted from the taxi at curbside, chose to proceed into the middle of the street and was struck in the left lane of traffic. Under these circumstances, the fact that Rahman's taxi may have stopped two feet further from the curb than is otherwise permitted under the regulations was not a proximate cause of the collision (*see Mooney v Niagara Frontier Tr. Metro Sys.*, 125 AD2d 997, 998 [1986] [the obstruction of the highway by the bus was not a proximate cause of the accident where the plaintiff, after having safely alighted from the bus, "made an independent decision to pass in front of the standing bus into (the) (r)oad where he was struck by another vehicle"]; *Ortola v Bouvier*, 110 AD2d 1077 [1985]; *see also Georges v Rajnarine*, 277 AD2d

at 284; *Matter of Eisenberg v Village of Mamaroneck*, 137 AD2d 817, 818 [1988]; *cf. Sullivan v Locastro*, 178 AD2d 523 [1991]).

Accordingly, I would reverse the order and grant the appellants' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them.