Porcasi v Oji (2023 NY Slip Op 05281)

Porcasi v Oji

2023 NY Slip Op 05281

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-06257
 (Index No. 719530/20)

[*1]Antoinette Porcasi, appellant,
v
Shahinoor Oji, et al., respondents.

Peña & Kahn, PLLC, Bronx, NY (Eric J. Gottfried of counsel), for appellant.
Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig and Michael Goitein], of counsel), for respondents Shahinoor Oji and ASMJMI Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 25, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants Shahinoor Oji and ASMJMI Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, granted the motion of the defendants Uber Technologies, Inc., and Uber USA, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiff's cross-motion for summary judgment on the issue of liability against the defendant Shahinoor Oji.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Shahinoor Oji and ASMJMI Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting the motion of the defendants Uber Technologies, Inc., and Uber USA, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff.
The plaintiff allegedly sustained injuries when, while attempting to board a vehicle, she stepped off the curb into the street and tripped on a bulge or "hummock" located in the street between the curb and the vehicle. The vehicle was owned by the defendant ASMJMI Corp. and operated by the defendant Shahinoor Oji (hereinafter together the vehicle defendants). The plaintiff's friend had ordered the vehicle on her cell phone through the Uber application, which is owned and operated by the defendants Uber Technologies, Inc., and Uber USA, LLC (hereinafter together the Uber defendants).
On October 21, 2020, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the accident. The vehicle defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Uber defendants moved for summary judgment dismissing the complaint insofar as asserted against [*2]them. The plaintiff opposed the motions and cross-moved for summary judgment on the issue of liability against Oji. In an order entered August 25, 2021, the Supreme Court, among other things, granted that branch of the vehicle defendants' motion, granted the Uber defendants' motion, and denied the plaintiff's cross-motion. The plaintiff appeals.
"To hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (Lynfatt v Escobar, 71 AD3d 743, 744; see Smith v Dutchess Motor Lodge, 213 AD3d 881). "Although the issue of proximate cause is generally one for the finder of fact, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (Hanna v Valenti, 214 AD3d 772, 773 [internal quotation marks omitted]).
"A common carrier owes a duty to a passenger to provide a reasonably safe place to board and disembark its vehicle" (Kasper v Metropolitan Transp. Auth. Long Is. Bus, 90 AD3d 998, 999; see Miller v Fernan, 73 NY2d 844, 846; O'Connor v Ronnie Cab Corp., 142 AD3d 972, 973). 34 RCNY 4-11(c) requires taxis and for-hire vehicles to be within 12 inches of the curb when picking up or discharging passengers.
Here, the Supreme Court should have denied that branch of the vehicle defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and the Uber defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Oji attested in his affidavit submitted in support of both motions that he stopped his vehicle approximately two feet from the curb to pick up the plaintiff, which would constitute a violation of 34 RCNY 4-11(c). Thus, the defendants failed to establish, prima facie, that Oji did not breach his duty to the plaintiff, as a common carrier, to provide a safe place to board the vehicle (see Miller v Fernan, 73 NY2d at 846; O'Connor v Ronnie Cab Corp., 142 AD3d at 974; cf. Kasper v Metropolitan Transp. Auth. Long Is. Bus, 90 AD3d at 999).
Furthermore, the defendants failed to establish, prima facie, that Oji's alleged negligence was not a proximate cause of the accident, as they failed to demonstrate that Oji's alleged negligence merely furnished the occasion for the accident. Since a factfinder could reasonably determine that the accident was a natural and foreseeable consequence of the risk created by Oji's alleged negligence, the issue should be submitted to a jury (see Hain v Jamison, 28 NY3d 524, 532-533; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316; Smith v Dutchess Motor Lodge, 213 AD3d at 882-883; Douglas v Kone, 204 AD3d 887, 888).
Contrary to the plaintiff's contention, however, she failed to eliminate triable issues of fact as to whether Oji's alleged negligence proximately caused her injuries (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Therefore, the Supreme Court properly denied the plaintiff's cross-motion for summary judgment on the issue of liability against Oji, regardless of the sufficiency of the opposition papers.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court