■ NAMON TOLBERT, Individually and as Administrator of the Estate of EULA TOLBERT, Deceased, et al., Appellants, v DANIEL WAGNER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, dated November 9, 1978, which granted the defendants' motion pursuant to CPLR 3211 (subd [a]) to dismiss the complaint. Order affirmed, with $50 costs and disbursements. Eula Tolbert, the decedent, was a passenger in a car driven by defendant Walterine Wagner and owned by defendant Daniel Wagner. On the way home from an outing sponsored by her employer, the New York City Housing Authority, the car left the highway and collided with an electric utility pole. Mrs. Tolbert sustained severe injuries which led to her death nearly three years later. Eula Tolbert and Walterine Wagner were coemployees of the housing authority. Both were awarded workmen's compensation and medical benefits by the Workmen's Compensation Board (now the Workers' Compensation Board [L 1978, ch 79, § 1). Subsequently, the plaintiffs brought this common-law action in negligence against the defendants. The defendants moved to dismiss pursuant to CPLR 3211 (subd [a]) on the ground that plaintiffs' sole and exclusive remedy was workmen's compensation. Plaintiffs raised the issue that there was a question of fact as to whether Eula Tolbert was acting in the course of her employment at the time she was injured. Defendants asserted, and Special Term correctly ruled, that the award and payment by the Workmen's Compensation Board constituted a conclusive finding that Eula Tolbert was, in fact, acting in the course of her employment at the time she was injured and, therefore, this action was properly dismissed (see *Meaney v Keating,* 200 Misc 308, affd 279 App Div 1030, affd 305 NY 660). Plaintiffs' argument that the negligence action should be permitted against the owner of the vehicle, Daniel Wagner, is without merit. Where a party recovers under the workmen's compensation statute, the Legislature has intended that that recovery is to be his full and exclusive remedy. A derivative action against the owner of the vehicle is therefore barred *(Rauch v Jones,* 4 NY2d 592). The claim that the action against Daniel Wagner is for active negligence is unsupported in the record and cannot be raised for the first time on appeal. Suozzi, J. P., O'Connor, Martuscello and Mangano, JJ., concur.