■ FRED BETANCOURT, Respondent, v HERTZ CORPORATION, Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, the Hertz Corporation appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated June 29, 1981, which denied its motion for summary judgment dismissing the complaint as to it. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed as to the appellant. The plaintiff, a mechanic employed by defendant the Hertz Corporation, was repairing a truck owned by Hertz which it had leased to codefendant Productive Trucking Company. Plaintiff, while acting in the course of his employment in front of Hertz' garage, asked the operator of the truck (who was employed by Productive) to start the motor. The operator did so, but neglected to place the gearshift in neutral. As a result the truck moved forward and struck plaintiff, injuring him. The plaintiff received compensation payments totaling $9,048.72 from the compensation insurance carrier and thereafter commenced the present action to recover damages for his personal injuries. He named as defendants the operator of the truck, the latter's employer Productive, and his own employer Hertz on the theory of liability as owner of the truck (see Vehicle and Traffic Law, § 388, subd 1). Hertz moved for summary judgment on the ground that plaintiff's action against it was barred because he had recovered benefits under the workers' compensation statute, and since that was his full and exclusive remedy, his derivative action against the owner of the vehicle is barred. In these circumstances, it was error to deny the motion (see *Tolbert v Wagner,* 70 AD2d 936). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.

■ LOUISE CAPUTO, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In an action to recover damages for personal injuries, defendant appeals from a judgment of the Supreme Court, Kings County (Jones, J.), entered April 14, 1981, upon a jury verdict in favor of plaintiff in the amount of $40,000, plus interest, costs and disbursements. Judgment reversed, on the law, without costs or disbursements, and new trial granted. Plaintiff's proof showed that four boys illegally entered a bus through the rear doors, that they behaved in a rowdy, loud manner, cursing and watching everyone on the bus, and that the bus driver did not intervene, notwithstanding several requests from passengers. Plaintiff thus sustained her burden of establishing a prima facie case against the defendant (see *Koch v Brooklyn Hgts. R. R. Co.,* 75 App Div 282). However, parts of rule 85 of the Transit Authority's rules and regulations were improperly submitted to the jury for consideration. The rule is couched in language similar to that of a legal standard, and, as a matter of law, contains provisions which constitute a higher than reasonable standard of care. By submitting the provisions to the jury for consideration, the jury may have been confused as to the proper standard notwithstanding the limiting instructions as to the rule's applicability. As a result, a new trial must be granted (see *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234). Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.