■ JOSEPH CONRAD, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [687 NYS2d 404] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered December 2, 1997, which denied his motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants as against the weight of the evidence and for judgment in his favor as a matter of law, (2) a judgment of the same court, entered January 20, 1998, which, upon the jury verdict, is in favor of the defendants and against him, dismiss-

ing the complaint, and (3) a judgment of the same court, dated January 23, 1998, which is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment entered January 20, 1998, is affirmed; and it is further,

Ordered that the judgment dated January 23, 1998, is reversed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment entered January 20, 1998 (*see,* CPLR 5501 [a] [1]). The judgment dated January 23, 1998, must be reversed and vacated, since without a severance there can be only one judgment entered in a civil action (*see, Kriser v Rodgers,* 195 App Div 394, 395; CPLR 5012).

The plaintiff's contention that the trial court erred in excluding evidence of the published bus driver safety instructions of the defendant Liberty Lines Transit (hereinafter Liberty Lines), is without merit. Internal rules and manuals are admissible as some evidence of whether reasonable care was exercised only if they do not impose a higher standard of care than that which is imposed by law (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 329; *Crosland v New York City Tr. Auth.,* 68 NY2d 165, 168-169; *Clarke v New York City Tr. Auth.,* 174 AD2d 268, 275-276). Here, the Liberty Lines safety instructions were "couched in language similar to that of a legal standard", and imposed a higher standard of care than that imposed by law (*see, Caputo v New York City Tr. Auth.,* 86 AD2d 883). Limiting instructions regarding the use of such evidence would merely have confused the jury (*see, Lesser v Manhattan & Bronx Surface Tr. Operating Auth.,* 157 AD2d 352, 356-357, *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.,* 79 NY2d 1031; *Caputo v New York City Tr. Auth., supra*).

Contrary to the plaintiff's contention, the court properly instructed the jury that a common carrier owes a duty to alighting passengers to stop at a place where the passenger can safely disembark and leave the area (*see, Miller v Fernan,* 73 NY2d 844, 846).

Finally, the plaintiff's motion to set aside the jury verdict pursuant to CPLR 4404 as against the weight of the evidence was properly denied. A jury verdict should not be set aside unless it could not have been reached upon any fair interpretation of the evidence (*see, Galimberti v Carrier Indus.*, 222 AD2d 649). A review of the evidence in this case demonstrates that a fair basis existed for the verdict in the defendants' favor. S. Miller, J. P., Ritter, Altman and Luciano, JJ., concur.