■ ROSEANN CONETTA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. (And a Third-Party Action.) [762 NYS2d 634] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated June 18, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was injured on April 12, 2000, when she fell while alighting from a bus operated by the defendant, the New York City Transit Authority. "A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan,* 73 NY2d 844, 846 [1988]; *see Diedrick v City of New York,* 162 AD2d 496 [1990]). The plaintiff contends that the bus driver, an employee of the defendant, breached his duty to provide her with a safe place to disembark because, as she attempted to exit the bus, she was caused to fall when her right foot stepped down onto the uneven, sloped part of a curb that had been cut for a driveway.

The Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint, because the defendant failed to demonstrate that it met its duty to the plaintiff under the circumstances of this case. Questions of fact exist as to whether the defendant breached its duty to the plaintiff, whether such breach proximately caused the plaintiff's injuries, and whether the plaintiff was comparatively negligent. The defendant failed to set forth evidentiary facts sufficient to entitle it to judgment as a matter of law (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.