■ ELIZABETH FRETT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [808 NYS2d 343]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Martin, J.), entered January 27, 2004, as, upon a jury verdict, is in favor of the plaintiff and against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988]; *see Conetta v New York City Tr. Auth.*, 307 AD2d 333 [2003]; *Conrad v County of Westchester*, 259 AD2d 724, 725 [1999]). Here, the jury found that the defendant New York City Transit Authority (hereinafter the Transit Authority) breached this duty when its driver stopped its bus in a location where the plaintiff's foot became caught in a crevice-like hole as she was leaving the bus and she was injured. A jury verdict will not be set aside as against the weight of the evidence unless it could not have been reached on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). Contrary to the Transit

Authority's contention, there was a fair interpretation of the evidence upon which the jury could conclude both that the bus operator did not satisfy his duty to the alighting passenger and that the plaintiff was not negligent. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.