OPINION OF THE COURT
Herbert Kramer, J.
*223 Plaintiff tripped and fell on a sewer grate as he was alighting from a bus. Plaintiff testified that the bus had stopped about three feet from the curb. He held onto the handrail as he proceeded to get off “hoping that the curb is right outside,” but instead found himself slipping as his foot got caught in one of the openings of the grate. After a trial, the jury found that the defendant was 60% responsible and the plaintiff 40% responsible for the happening of the accident. Defendant moves to set aside the verdict arguing that a nondefective sewer grate is not hazardous as a matter of law.
There are no New York State cases directly on point as the myriad of hazards that have allegedly tripped up unwary New York passengers attempting to board or alight from buses do not include sewer grates.
“A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area.” (Conetta v New York City Tr. Auth., 307 AD2d 333 [2d Dept 2003].) “Whether or not in a given case a breach of duty has occurred will depend on the particular facts of the case and is either a question of law or fact depending on the susceptibility of the facts to varying inferences.” (Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109 [1st Dept 1987].) Thus one Court found that there were “outstanding issues of fact as to whether a driver’s determination to stop the bus with its front doors above an icy subway grating, rather than in an area clear of snow and ice, was a breach of the duty to provide safe egress.” (Malawer v New York City Tr. Auth., 18 AD3d 293, 296 [1st Dept 2005].) Where a passenger stepped down onto the “uneven, sloped part of a curb that had been cut for a driveway,” the Court found that “[q]uestions of fact exist as to whether the defendant breached its duty to the plaintiff . . . [and t]he defendant failed to set forth evidentiary facts sufficient to entitle it to judgment as a matter of law.” (Conetta, 307 AD2d 333 [2003].) Where a bus driver stopped the bus in a location where the disembarking plaintiff’s foot became caught in a crevice-like hole, the Court declined to set aside the verdict as against the weight of the evidence finding that there was a fair interpretation of the evidence upon which the jury could conclude both that the bus operator did not satisfy his duty to the passenger and that the plaintiff was not negligent. (Frett v New York City Tr. Auth., 24 AD3d 605 [2d Dept 2005].)
*224 In deciding whether a carrier has breached its duty to its passenger, it is a confluence of factors that create “[t]he risk reasonably to be perceived [which in turn] defines the duty to be obeyed” (Palsgraf v Long Is. R.R. Co., 248 NY 339, 344 [1928]). In the alighting passenger cases, these factors center, this court holds, upon the circumstance that “the passenger has no choice but to exit through the bus doors.” (Blye, 124 AD2d 106, 111 [1987].) This forced exit creates its own unique set of circumstances in that an obstacle, however seemingly benign, changes its character when it is encountered abruptly and perhaps unexpectedly by a passenger alighting from a bus. Were this same obstacle to be located in the path of a passerby who could choose to avoid it or who, at the very least, could anticipate it, it could well shed its dangerous qualities.
Here, the passenger had no choice but to alight where the bus stopped and he believed that he had to do so in a rapid manner. In this case it was the unexpected and unanticipated nature of the encounter with the sewer drain that set in motion the wheels of causation and tripped the plaintiff up. While the drain itself was not shown to be defective or slippery, this court takes judicial notice of the fact that the ordinary sewer drain is a sloping surface made of metal and scored with openings. It thus provides a somewhat slanted surface that is covered with holes that can in its normal and ordinary condition cause tripping. For the person walking along a street, this ordinary piece of street hardware presents no difficulty as that person can choose either to avoid it or will have had ample time to anticipate the change in surface condition and prepare for it. However, when a passenger stepping off a bus who has no opportunity to anticipate the change in slope and surface suddenly encounters it, it can present a dangerous trap. Thus, it cannot be considered to be nonhazardous as a matter of law. Indeed, to find otherwise could well compromise the safety of those who ride our city’s buses every day a large percentage of whom are elderly, or are otherwise vulnerable in that they are carrying children dr packages or are wearing heels that can easily be caught in the sewer grate holes.
Generally, the issue whether the common carrier breached its duty under the circumstances is one for the jury. (Malawer, 18 AD3d 293 [2005].) This case presents no exception to that rule. *225 Moreover, the evidence was legally sufficient to support the jury’s determination.
The defendant’s motion to set aside the verdict is denied.