## (January 29, 1963)

■ LILLIAN BUNDY, Respondent, v. CITY OF NEW YORK et al., Appellants-Respondents and LESTER T. DOYLE, as Trustee in Reorganization of Surface Transportation Corporation of New York, Appellant, et al., Defendants. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff, v. W. J. FITZGERALD PAVING COMPANY, INC., Third-Party Defendant.

*Per Curiam.* These are appeals by the various parties defendant from so much of a judgment, as amended and resettled, entered in favor of plaintiff and against the defendants, and by defendants-appellants City of New York (herein City) Slattery Contracting Company, Inc. (herein Slattery) and Consolidated Edison Company of New York (herein Con Ed) from the amounts awarded for or against them on their respective complaints.

The plaintiff, a passenger upon a bus owned and operated by Surface Transportation Corporation of New York (herein Surface) sustained certain injuries when, upon alighting from the bus, she stepped directly into an excavation in the street.

At the trial agreement was reached that the amount of damages to be paid plaintiff would be $15,000. Thereafter the trial was concerned only with which defendants would be liable and in what amounts. It is from the determination and allocations made that these defendants appeal.

The amended and resettled judgment appealed from is modified on the law and on the facts as to the second judgment paragraph directing judgment over for the City against Con Ed and Slattery so as to delete the figures " $3750.00 ", and insert therein the figures " $15,000 " (see Administrative Code of City of New York, §§ 82d–3.0, 82d–4.0; *Sobel* v. *City of New York*, 9 N Y 2d 187); and

is further modified on the law and on the facts as to the third judgment paragraph directing recovery for Con Ed so as to delete the figures " $5,625.00 ", and insert instead the figures " $15,000 ", and as so modified is otherwise affirmed, with costs to plaintiff-respondent only. In the *Sobel* case, upon which Slattery relies (*Sobel* v. *City of New York*, 9 N Y 2d 187, *supra*), more than 10 days had passed subsequent to the issuance of the work order to Fitzgerald by Con Ed, and prior to the accident there involved. The court held " The mere technical omission to serve the notice [of work completion] was immaterial under these circumstances " (p. 195) and relieved Slattery from liability.

In the case before us Slattery was bound to maintain the trenches and opening until 10 days after it had notified Con Ed in writing " that the condition of the trench is satisfactory for the restoration of the permanent pavement." Concededly, no written notice was given. However, a work report of one of Con Ed's employees, dated February 1, 1956, bore the notation " complete " in reference to such work. On February 6, 1956, Con Ed issued its order to W. J. Fitzgerald Paving Company, Inc., to begin work. Ten days from such date would have been February 16, 1956. The accident occurred February 13, 1956, and within the 10-day period from the issuance of the work order which was recognition by affirmative act that the work has been completed satisfactorily. Analogizing the situation to that in the *Sobel* case (*Sobel* v. *City of New York*, *supra*) and applying the reasoning there expressed, the omission to give written notice can hardly be termed " technical" under the circumstances of this case. Thus Slattery is liable under its contract of indemnity to Con Ed.

Surface remains liable for its failure to exercise reasonable care in affording plaintiff, its passenger, a safe place to alight.

The judgment appealed from should be modified on the law and the facts as heretofore indicated, and as so modified is otherwise affirmed, with costs to plaintiff-respondent only.

Breitel, J. P., Valente, Stevens and Eager, JJ., concur in *Per Curiam* opinion; Steuer, J., dissents in part and would dismiss the cross complaint of Consolidated Edison Company against Slattery Contracting Company on the authority of *Sobel* v. *City of New York* (9 N Y 2d 187); and would otherwise affirm.

Judgment modified on the law and the facts as indicated in the opinion of this court filed herein, and as so modified is otherwise affirmed, with costs to plaintiff-respondent only. Settle order on notice.