OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendants-respondents’ motion for summary judgment denied.
A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area (see, Fagan v Atlantic Coast Line R. R. Co., 220 NY 301, 306-307; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109, 111, affd 72 NY2d 888). On a review of the record, questions of fact exist as to whether respondents breached this duty, whether the breach was a proximate cause of plaintiff’s injuries, and whether plaintiff was comparatively negligent (see, Keener v Tilton, 283 NY 454, 455-456). Contrary to respondents’ contention, plaintiff’s conduct was not an intervening and superseding cause as a matter of law, since there is a factual dispute over whether there was any safe alternative route which plaintiff could have taken (cf., Blye v Manhattan & Bronx Surface Tr. Operating Auth., 72 NY2d 888, supra; Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., 117 AD2d 541, lv denied 68 NY2d 602).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.