■ JANICE DIEDRICK, Individually and as Mother and Natural Guardian of AMANDA DIEDRICK, an Infant, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Katz, J.), entered April 13, 1988, which, upon a ruling granting the respondent's motion, made at the close of the plaintiffs' case, to dismiss the complaint insofar as it is asserted against it, is in favor of the respondent and against them.

Ordered that the judgment is affirmed, with costs.

On July 21, 1979, the plaintiff Janice Diedrick, who was in her seventh month of pregnancy, stepped out from the rear door of a New York City Transit Authority bus, helped by her husband, took several steps on the grassy part of the sidewalk, and tripped and fell over a half-moon shaped hole. Two days after the accident, Mrs. Diedrick underwent a Caesarean section and gave birth to Amanda, who was diagnosed with cerebral palsy, and other severe permanent impairments. The plaintiffs commenced a negligence action against, inter alia, the defendant New York City Transit Authority (hereinafter the Transit Authority), and, after settling with the other defendants, proceeded to trial against the Transit Authority. At the close of the plaintiffs' case, the trial court granted the Transit Authority's motion to dismiss the complaint, and this appeal ensued.

The law is well established that the duty of care owed to an alighting passenger is to provide a reasonably safe point where the passenger can alight safely and "to exercise reasonable and commensurate care in view of the dangers to be

apprehended" *(Fagan v Atlantic Coast Line R. R. Co.,* 220 NY 301, 306; *Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 124 AD2d 106, *affd* 72 NY2d 888; *Bundy v City of New York,* 18 AD2d 799, *affd* 13 NY2d 1181). The carrier's duty terminates when it provides the passenger a safe alighting point *(Blye v Manhattan & Bronx Surface Tr. Operating Auth., supra; Matter of Eisenberg v Village of Mamaroneck,* 137 AD2d 817; *Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth.,* 117 AD2d 541).

Accepting the plaintiffs' evidence as true and according it the benefit of every favorable inference which can reasonably be drawn therefrom *(see, Hylick v Halweil,* 112 AD2d 400; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366), we conclude that the Transit Authority fulfilled its duty to provide a safe place to alight from the bus. Initially, we note that there is nothing in the record to indicate that the Transit Authority was aware, or reasonably should have been aware, of any defect in the grassy area near the bus stop *(see, Pulka v Edelman,* 40 NY2d 781, 782). Although there had been construction in that area, the plaintiffs' witnesses testified that the construction had been completed over a month before the accident occurred, and that no holes were discernable.

Even assuming, arguendo, that the accident was reasonably foreseeable, the duty owed by the Transit Authority to Mrs. Diedrick terminated when she alighted safely from the bus. As her testimony indicates, after descending from the exit door of the bus, Mrs. Diedrick took approximately three steps before she fell *(see, Rodriguez v Manhattan & Bronx Surface Tr. Operating Auth., supra; Ortola v Bouvier,* 110 AD2d 1077). That testimony, in conjunction with that of her husband, also established that Mrs. Diedrick's decision to proceed as she did was a voluntary one, and that alternate safe paths were available to her *(see, Blye v Manhattan & Bronx Surface Tr. Operating Auth.,* 72 NY2d 888, 890, *supra; cf., Miller v Fernan,* 73 NY2d 844). Thus, the trial court properly granted the Transit Authority's motion for judgment in its favor.

We have considered the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Lawrence and Eiber, JJ., concur.