■ GLORIA DiPACE, as Conservator of FRANK L. BEDELL, JR., an Incapacitated Person, Appellant, v TOWN OF STOCKPORT, Respondent, et al., Defendant.—Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered November 12, 1991 in Columbia County, which granted defen-

dant Town of Stockport's motion for summary judgment dismissing the complaint against it.

Frank L. Bedell, Jr. (hereinafter plaintiff) was operating his motorcycle on County Route 20 in the Town of Stockport, Columbia County, when it collided with a parked automobile. At the time of the accident, the vehicle, previously owned by Ernest Thompson, had no license plates and had been parked on the shoulder of the highway for approximately three months.

Plaintiff commenced this suit against Columbia County and the Town of Stockport, claiming, *inter alia,* that both were negligent for failing to remove the allegedly abandoned vehicle from the roadway. After issue was joined, the Town moved for summary judgment, reasoning that because it did not own or otherwise control the road, it owed plaintiff no statutory or common-law duty to remove the vehicle. Plaintiff, for whom a conservator has since been appointed, opposed the motion. The thrust of plaintiff's argument is that because Vehicle and Traffic Law § 1224 vests title to certain abandoned motor vehicles in the Town automatically by operation of law, the Town therefore has a duty to remove those vehicles for the protection of travelers using the roadway. Supreme Court disagreed and granted the Town's motion, concluding that the functions mandated by Vehicle and Traffic Law § 1224 are governmental, rather than proprietary, in nature and that, absent a special relationship, no liability attaches for the Town's failure to perform those functions. Plaintiff appeals. We affirm.

A municipality exercising control over a road or highway must maintain it in a reasonably safe condition *(see, Tobar v City of New York,* 146 AD2d 694, 695-696). Here, however, the Town has submitted prima facie proof that it did not own, design, construct, maintain or in any way control the roadway where the accident occurred. Although plaintiff asserts that further discovery may lead to facts which would establish control on the part of the Town, affidavits furnished by the Town indisputably establish that the road is a County highway, previously owned and maintained by the State; plaintiff's contrary assertions represent no more than speculation and surmise.

Nor can the Town be held liable by dint of Vehicle and Traffic Law § 1224. That section sets forth the procedures by which a municipality may take control of, and dispose of, abandoned vehicles. Under that section, when an automobile having a value of $750 or less is left, without license plates,

for more than six hours on a road or in any other public place within a municipality, title to the vehicle vests immediately in that municipality. Plaintiff insists that such was the case with this vehicle, and that along with title to the vehicle the Town also acquired the responsibility to promptly remove it from the road.

It is a settled principle that no duty arises out of the failure of a municipality to enforce a statute or regulation, absent a showing that a special relationship exists between the municipality and the injured party. Although this limitation arose in the context of police protection *(see, Riss v City of New York,* 22 NY2d 579, 583), it has been extended to bar liability stemming from the performance of "peculiarly governmental functions" *(Kenavan v City of New York,* 70 NY2d 558, 568); such functions are contrasted with those which, although they have been assumed by a governmental unit, could equally be performed by a private entity *(see, e.g., Miller v State of New York,* 62 NY2d 506, 511; *Crosland v New York City Tr. Auth.,* 68 NY2d 165, 169). Plaintiff contends that inasmuch as Vehicle and Traffic Law § 1224 makes the Town the titled owner of the vehicle, the Town's duty to remove the car derives from that ownership; hence, removal of the car is a proprietary activity for which the Town may be held liable even absent proof of a special relationship. But this analysis ignores the fact that the only reason title passes to the municipality is because it is a governmental entity; in short, the passing of title is merely a convenient mechanism for the efficient removal of abandoned vehicles, which is a governmental function *(see, Kenavan v City of New York, supra,* at 568).

Beyond that, the existence of a special relationship between plaintiff and the Town has not been shown. To demonstrate such a relationship, it must appear, among other things, that direct contact occurred between the injured party and agents of the municipality *(see, Sorichetti v City of New York,* 65 NY2d 461, 469). That no such contact is demonstrated, nor even alleged, underscores the rightness of Supreme Court's decision granting summary judgment dismissing the complaint against the Town.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.