■ LINDA CONNOLLY, Respondent, v KATHLEEN A. ROGERS, Defendant, and CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Appellants. (Action No. 1.) BONNIE J. YERDEN, Respon-

dent, v KATHLEEN A. ROGERS, Defendant, and CITY OF ALBANY et al., Appellants. (Action No. 2.) [599 NYS2d 731] —Weiss, P. J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 6, 1992 in Albany County, which denied motions by various defendants in both actions for summary judgment dismissing the complaints against them.

Plaintiffs in these two actions were injured when they were struck by a motor vehicle driven by defendant Kathleen A. Rogers while they were crossing Washington Avenue in the City of Albany after they had exited a bus owned and operated by defendant Capital District Transportation Authority (hereinafter CDTA). Seeking to recover damages for their injuries, plaintiffs commenced these actions against Rogers, the City of Albany, the County of Albany and CDTA. The latter three defendants moved for summary judgment dismissing the complaints against them and they appeal from the order which denied their motions.

Plaintiffs were traveling west on the bus, headed for the State University of New York at Albany (hereinafter SUNY) campus on the south side of Washington Avenue. The bus pulled off of Washington Avenue onto a gravel area of the shoulder, which was designated as a bus stop, along the north side of the street across from the entrance to the SUNY campus. Plaintiffs got off of the bus and, less than a minute after the bus pulled away, they started to cross Washington Avenue after checking to see that the street was clear of traffic. Having safely crossed the westbound lanes of Washington Avenue, plaintiffs were confronted with oncoming traffic in the eastbound lanes and they stopped on the double yellow line in the center of the street, where they were struck by the eastbound Rogers vehicle.

CDTA contends that it fulfilled its duty to plaintiffs when the bus pulled off of Washington Avenue and provided plaintiffs with a safe place to disembark. The Court of Appeals recently stated that "[a] common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark *and leave the area" (Miller v Fernan,* 73 NY2d 844, 846 [emphasis supplied]). As authority for this principle, the Court cited, *inter alia, Blye v Manhattan & Bronx Surface Tr. Operating Auth.* (124 AD2d 106, *affd* 72 NY2d 888), wherein the First Department explained: "Plainly, then, the case law obligates the public carrier, in discharging passengers, to provide a reasonably safe point from which the passengers can alight and walk away without incurring a risk

of injury. After all, the passenger has no choice but to exit through the bus doors. Beyond that point, however, when it is a passenger's individual choice which directs where he or she will walk, then common sense, logic and public policy simply do not support extending a duty of care to the public carrier to insure that once the passenger has safely departed, the city's streets or sidewalks will be absolutely free from defect. Only when the placement of the bus dictates that the passenger navigate a treacherous path should the public carrier be held liable for any injuries proximately caused by that hazardous condition" *(supra,* at 111).

It is clear, therefore, that the complaint of a passenger injured while leaving the area where the bus stopped for disembarkation will not be dismissed on a summary judgment motion if "there is a factual dispute over whether there was *any* safe alternative route which plaintiff could have taken" *(Miller v Fernan, supra,* at 846 [emphasis in original]). As the movant seeking summary judgment, CDTA was obligated to tender evidentiary proof in admissible form sufficient to establish its entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). In light of the principles set forth above concerning CDTA's duty as a common carrier, it was incumbent upon CDTA to submit evidentiary proof in admissible form sufficient to establish not only that plaintiffs were provided with a safe place to alight from the bus, but also that there was a safe path which plaintiffs could have taken to leave the area *(see, Miller v Fernan, supra; Diedrick v City of New York,* 162 AD2d 496, 497). This burden could have been met either with evidence that the path chosen by plaintiffs was safe or with evidence that a safe alternative path existed.

As to the safety of the path chosen by plaintiffs, CDTA submitted evidence that the bus stop had been used for many years by SUNY students and there had been no incidents or accidents prior to plaintiffs' injuries. Plaintiffs, however, submitted an affidavit of an engineer who opined that at the time of the accident, the configuration of Washington Avenue (two lanes of travel in each direction), the speed limit (50 miles per hour) and the contour of the street (a curve and downgrade about 300 feet west of the accident site) provided both pedestrians and motorists with inadequate sight distances to permit safe crossing by pedestrians. We conclude, therefore, that a question of fact has been raised as to whether the path which plaintiffs used to leave the area of disembarkation was reasonably safe. CDTA submitted no evidence of any alternative

path. Noticeably absent is any evidence of a sidewalk or other path along the north side of Washington Avenue where plaintiffs were dropped off. Nor is there any evidence that a crosswalk or other safe place to cross Washington Avenue was reasonably accessible to plaintiffs. Accordingly, CDTA was not entitled to summary judgment.

We reach a similar conclusion as to the City, which contends that it had no responsibility for the roadway where the accident occurred. It is undisputed that the accident occurred within the City and that the City posted the speed limit along Washington Avenue, including the site of the accident. The City sought to establish that the State was responsible for pavement markings and traffic control devices, but we find the evidence submitted by the City on this issue to be equivocal. We also find the City's governmental immunity argument lacking in merit. The immunity from liability for highway planning decisions afforded to municipalities is not absolute and will not bar liability for injury arising out of a highway safety plan that was evolved without adequate study or lacked a reasonable basis *(see, Alexander v Eldred,* 63 NY2d 460, 466; *Gutelle v City of New York,* 55 NY2d 794, 795). In support of its motion, the City submitted no evidence that any of its action or inaction with regard to the speed limit, signs, markings and traffic control devices on Washington Avenue in the vicinity of the accident was the result of planning decisions that evolved from adequate study and had a reasonable basis. Accordingly, the City failed to establish that it was entitled to summary judgment on the ground of governmental immunity *(see, Bailey v Honda Motor Co.,* 144 AD2d 119, 120-121, *lv denied* 73 NY2d 705). The City's lack of prior notice argument is also meritless *(see, Alexander v Eldred, supra,* at 467).

Turning to the County's motion, we conclude that the County is entitled to summary judgment. In support of its motion, the County submitted uncontroverted evidence that the County does not in any way own or control Washington Avenue, and there is no evidence that the County had the authority to set the speed limit, post signs, mark the pavement or install traffic control devices in the vicinity of the accident site. We disagree with Supreme Court's conclusion that the County can be held liable if it negligently exercised its authority pursuant to Public Authorities Law § 1305 to approve CDTA's transportation plans *(see, DiPace v Town of Stockport,* 190 AD2d 982).

Levine, Mercure and Mahoney, JJ., concur. Ordered that

the order is modified, on the law, without costs, by reversing so much thereof as denied defendant County of Albany's motion; said motion granted, summary judgment awarded to defendant County of Albany and complaint in action No. 2 dismissed against said defendant; and, as so modified, affirmed.