■ STELUCA OTONOGA, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [652 NYS2d 67] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 10, 1995, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Justice Rosenblatt has been substituted for the late Justice Hart (22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and the cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff asserted in her complaint that after exiting a bus she slipped and fell over a broken bus stop sign and sustained serious physical injuries. The plaintiff further alleged that the appellant New York City Transit Authority

(hereinafter the NYCTA) owned and negligently maintained and/or controlled the sidewalk and the bus stop sign in question. The court denied summary judgment to the appellant and we reverse.

It is well settled that the NYCTA is not responsible for the maintenance of bus stop signs or bus stops (see, Gall v City of New York, 223 AD2d 622; Blakeney v City of New York, 222 AD2d 390; Brown v New York City Tr. Auth., 172 AD2d 178; Panso v Triboro Coach Corp., 172 AD2d 813). The conclusory allegation that the NYCTA made a special use of the bus stop and bus stop sign, which was raised for the first time in the plaintiff's opposition papers, was insufficient to defeat the NYCTA's motion for summary judgment (see, Blakeney v City of New York, supra).

Moreover, a common carrier owes an alighting passenger a duty to stop at a place where the passenger may safely disembark and leave the area (see, Miller v Fernan, 73 NY2d 844, 846). During her examination before trial, the plaintiff testified that upon exiting the front door of a bus operated by the appellant, she stepped down safely, took two steps, and then tripped and fell over a broken bus stop sign which was protruding up about three feet from the ground. She also testified that five or six people exited the bus safely before her. That testimony demonstrated that the plaintiff was provided with a safe place to alight and that a safe path away from the bus existed (see, Miller v Fernan, supra, at 846; Connolly v Rogers, 195 AD2d 649, 650-651; Diedrick v City of New York, 162 AD2d 496, 497; Douglas v New York City Tr. Auth., 19 AD2d 707). Therefore, the Supreme Court erred in denying the NYCTA's motion for summary judgment, as the plaintiff failed to demonstrate that the NYCTA breached any duty owed to her. Accordingly, the complaint and the cross claims should be dismissed insofar as asserted against the NYCTA. Rosenblatt, J. P., Miller, Altman and Krausman, JJ., concur.