■ ANNE D. BROWN, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [672 NYS2d 419] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 22, 1997, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendant is severed.

The plaintiff alleged that after exiting the appellant's bus

she tripped and fell on a broken section of sidewalk adjacent to the bus stop. The Supreme Court erred in denying the appellant's motion for summary judgment, as the plaintiff failed to demonstrate that the appellant breached any duty owed to her. It is well settled that the appellant is not responsible for the maintenance of bus stops within the City of New York, including the road, sidewalks, and curbs attendant thereto (*see, Gall v City of New York,* 223 AD2d 622; *Blakeney v City of New York,* 222 AD2d 390; *Panso v Triboro Coach Corp.,* 172 AD2d 813).

In addition, the plaintiff's allegation that the appellant breached a duty to stop at a place where she could safely disembark, was insufficient to defeat the appellant's motion for summary judgment. While a common carrier owes an alighting passenger a duty to stop at a place where the passenger may safely disembark and leave the area without incurring a risk of injury (*see, Miller v Fernan,* 73 NY2d 844, 846; *Otonoga v City of New York,* 234 AD2d 592; *Connolly v Rogers,* 195 AD2d 649, 650-651), the testimony of the plaintiff demonstrated that she was provided with a safe place to alight and that a safe path away from the bus existed (*see, Miller v Fernan, supra; Otonoga v City of New York, supra; Connolly v Rogers, supra; see also, Diedrick v City of New York,* 162 AD2d 496; *Douglas v New York City Tr. Auth.,* 19 AD2d 707). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.