■ MARIE MOMPOINT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [779 NYS2d 226]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 19, 2003, as granted that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant New York City Transit Authority (hereinafter the defendant) met its initial burden of establishing its entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The defendant established that it cannot be held liable for the plaintiff's injuries, since it has no duty to maintain the sidewalk in question, and there was no evidence that it created the allegedly defective condition (see Brown v City of New York, 250 AD2d 638, 639 [1998]; Gall v City of New York, 223 AD2d 622, 623 [1996]; Coppersmith v City of New York, 194 AD2d 586 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact with respect thereto.

Furthermore, "[w]hile a common carrier owes an alighting passenger a duty to stop at a place where the passenger may safely disembark and leave the area without incurring a risk of injury (*see Miller v Fernan*, 73 NY2d 844, 846; *Otonoga v City of New York*, 234 AD2d 592; *Connolly v Rogers*, 195 AD2d 649, 650-651 )" (*Brown v City of New York, supra*, at 639), the plaintiff improperly asserted this new theory of liability for the first time in opposition to the defendant's motion for summary judgment (*see Harrington v City of New York*, 6 AD3d 662 [2004]; *Slacin v Aquafredda*, 2 AD3d 624, 625 [2003]; *Gustavsson v County of Westchester*, 264 AD2d 408, 409 [1999]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.