■ Sylvia M. Flannigan, Respondent, v City of New York, Respondent, and New York City Transit Authority, Appellant. [813 NYS2d 118]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 2, 2004, as, in effect, denied that branch of its motion which was to dismiss the cross claims asserted against it by the defendant City of New York.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant New York City Transit Authority which was to dismiss the cross claims asserted against it by the defendant City of New York is granted, and the cross claims are dismissed.

After alighting from a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA) onto the sidewalk, the plaintiff allegedly fell in the street when she subsequently attempted to cross Empire Boulevard in Brooklyn at its intersection with Utica Avenue. This was sufficient to make out a prima facie case showing that the NYCTA had fulfilled its duty to the plaintiff by providing a safe place from which she could disembark (*see Trampakoulous v Independent Coach Bus Co.,* 18 AD3d 739 [2005]; *cf. Miller v Fernan,* 73 NY2d 844, 846 [1988]; *Patterson v New York City Tr. Auth.,* 276 AD2d 474 [2000]). In response, the defendant City of New York

failed to show the existence of a triable issue of fact requiring the denial of that branch of the NYCTA's motion which was to dismiss the City's cross claims. Accordingly, the Supreme Court should also have granted the branch of the motion which sought to dismiss these cross claims at the same time it dismissed the complaint insofar as it was asserted against the NYCTA (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.