■ Maria L. Diaz, Appellant, v City of New York et al., Respondents. [819 NYS2d 41]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about May 9, 2005, which granted the motion of defendants New York City Transit Authority (NYCTA) and Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) to dismiss the complaint and all cross claims against them for failure to state a cause of action and for summary judgment, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated. Appeal from order, same court and Justice, entered August 31, 2005, which granted plaintiff's motion for renewal and reargument, but adhered to the prior order, unanimously dismissed, without costs, as academic in view of the foregoing.

The motion court erred in dismissing the complaint. Plaintiff, a bus passenger, tripped and fell in the roadway after safely disembarking from a MABSTOA bus that—due to the presence of another bus at the stop—discharged its passengers in the roadway behind and to the left of the other bus and several steps from the curb. Under such circumstances, MABSTOA and NYCTA owed plaintiff the duty of stopping "at a place where [she] may safely disembark *and* leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988] [emphasis added]). "Whether a common carrier has breached its duty in this regard is generally a question of fact to be determined by the jury" (*Malawer v New York City Tr. Auth.*, 18 AD3d 293, 295 [2005], *affd* 6 NY3d 800 [2006]). Based on the record evidence, such as the photographs showing an uneven and defective roadway where plaintiff exited the bus, the significant distance to the sidewalk, the nighttime occurrence of the incident, and a conclusory statement in an attorney's affirmation as the sole proof that a safe alternative path was available, questions of fact exist as to whether there was a safe route plaintiff could have taken after disembarking the bus. Moreover, other factual issues exist due to defendants' failure to offer proof as to the bus driver's knowledge or assessment of the conditions at the place he allowed plaintiff to disembark. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.