■ FANYA GASIS, Respondent, v CITY OF NEW YORK et al., Respondents, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [828 NYS2d 407]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and the Metropolitan Transportation Authority appeal, as limited by their brief, from so much an order of the Supreme Court, Kings County (Solomon, J.), dated November 2, 2005, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff-respondent, the motion is granted, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she tripped and fell because of a crack in a public sidewalk near a support stanchion for elevated train tracks.

The appellants, the New York City Transit Authority and the Metropolitan Transportation Authority, cannot be held liable for injuries caused by the alleged dangerous or defective condition of a sidewalk of the defendant City of New York, as they do not own, maintain, operate, or control the public streets and sidewalks, and therefore had no duty to exercise reasonable care with respect to the area where the plaintiff fell. There was no evidence that the appellants benefitted from that portion of the sidewalk in a manner different from that of the general populace such to impute liability based upon a theory of special use (*see Simo v New York City Tr. Auth.*, 13 AD3d 609 [2004]; *Pantazis v City of New York*, 211 AD2d 427 [1995]; *McFarlane v City of New York*, 243 AD2d 691 [1997]).

The appellants met their initial burden of establishing their entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]) since there is no evidence that they created the alleged defect (*see Mompoint v New York City Tr. Auth.*, 8 AD3d 539 [2004]; *Brown v City of New York*, 250 AD2d 638, 639 [1998]; *Gall v City of New York*, 223 AD2d 622 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, contrary to the plaintiff's contention, the motion was not premature. The plaintiff failed to offer an evidentiary basis to show that discovery may lead to relevant evidence (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]) and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the appellants (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792 [1988]). The mere hope or speculation

that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (*see Associates Commercial Corp. v Nationwide Mut. Ins. Co.*, 298 AD2d 537 [2002]; *Drug Guild Distribs. v 3-9 Drugs*, 277 AD2d 197 [2000]).

Accordingly, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.