■ Adolphus King, III, Respondent, v Manhattan and Bronx Surface Transit Operating Authority et al., Appellants, and Village of Pelham Manor et al., Respondents, et al., Defendants. [836 NYS2d 122]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered January 9, 2006, which denied the motion by the Transit Authority defendants for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is well settled that a common carrier owes a duty to its passengers to stop at a place where they may safely disembark and leave the area (*Miller v Fernan*, 73 NY2d 844 [1988]; *Hickey v Manhattan & Bronx Surface Tr. Operating Auth.*, 163 AD2d 262 [1990]). Here, it is undisputed that plaintiff was discharged in an unsafe location, at a bus stop that was closed due to construction activity. Plaintiff walked to the nearest intersection, about a bus length away from where he disembarked, intending to cross to the other side of the street. Upon arriving at the intersection, he observed construction on the other side of the

street and decided to retrace his steps, walking back toward his point of debarkation. Contrary to the Transit Authority's argument, an issue of fact is raised as to whether plaintiff reached a place of safety at the intersection and whether there were alternative safe routes available to him (*Diaz v City of New York*, 31 AD3d 299 [2006]).

We reject the Transit Authority's argument that plaintiff's conduct or the conduct of the driver who struck plaintiff were the only proximate causes of plaintiff's injury. It cannot be said, as a matter of law, that plaintiff's action in retracing his steps to find a safe egress from the unsafe location where he had been deposited was an extraordinary or unforeseeable act of recklessness (*see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Nor was the action of the driver an intervening cause as a matter of law. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.