■ MARY KEARNS, Respondent, v ADIRONDACK TRAILWAYS, INC., et al., Appellants. [872 NYS2d 244]—

Kane, J. Appeal from an order of the Supreme Court (Connolly, J.), entered December 27, 2007 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that she was injured while alighting from a bus owned by defendant Adirondack Trailways, Inc. and driven by defendant James Troeger. Defendants appeal from Supreme Court's denial of their motion for summary judgment dismissing the complaint. Because questions of fact exist regarding defendants' negligence, we affirm.

"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (*Miller v Fernan*, 73 NY2d 844, 846 [1988] [citations omitted]; *cf. Lockhart v Adirondack Tr. Lines*, 289 AD2d 686, 688 [2001]). Whether the common carrier has breached its duty is generally a factual question to be resolved by a jury (*see Malawer v New York City Tr. Auth.*, 18 AD3d 293, 295 [2005], *affd* 6 NY3d 800 [2006]). Plaintiff here acknowledges that Troeger turned on the interior lights, made an announcement advising passengers to watch their step, and activated the bus's kneeler, which releases air to lower the front end of the bus. The blacktop where the bus stopped was dry, smooth and level. There are no allegations that the bus stopped in an unsafe area (*compare Connolly v Rogers*, 195 AD2d 649, 650-651 [1993]).

Plaintiff alleged that defendants were negligent in two ways: the bottom step of the bus was too far from the ground and Troeger not only failed to assist her when she exited the bus, but he impeded her passage. Plaintiff and her daughter assert that at other bus stops, Adirondack parks its buses at curbs or platforms or provides exterior steps for passengers. None of those accommodations was provided here, despite the alleged height differential from the bottom step to the ground (*but cf. Trainer v City of New York*, 41 AD3d 202, 202 [2007]). As for Troeger's actions, Adirondack has a policy that drivers are to

stand facing the bus and assist passengers who are alighting. Troeger testified at his deposition that he stood facing the bus, but did not notice plaintiff exiting the bus because he was answering a question posed by the passenger who alighted before plaintiff. Plaintiff and her daughter testified that Troeger stood with his back to the bus while speaking to the other passenger. According to plaintiff, who was 71 years old at the time of the incident, not only did Troeger fail to assist her or respond when she sought to get his attention, he partially blocked her way and caused her to step out of the bus at an angle. Due to that angle, and the unexpected height differential from the last step to the ground, she stumbled and fell. Contrary to plaintiff's testimony, a passenger who remained on the bus saw plaintiff walking away from the bus before she stumbled, presumably over her duffle bag or her own feet. Considering the differing versions of plaintiff's accident, including Troeger's position and involvement, factual questions exist rendering summary judgment inappropriate at this juncture (*see Malawer v New York City Tr. Auth.*, 18 AD3d at 296; *Conetta v New York City Tr. Auth.*, 307 AD2d 333 [2003]).

Peters J.P., Rose and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the order is affirmed, with costs.