Webb v New York City Tr. Auth. (2023 NY Slip Op 01055)

Webb v New York City Tr. Auth.

2023 NY Slip Op 01055

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 27683/16E Appeal No. 17399 Case No. 2021-02147 

[*1]Charles Webb, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants-Appellants, The City of New York et al., Defendants.

Anna J. Ervolina, New York City Transit Authority Law Department, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 26, 2021, in favor of plaintiff and against defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and MTA Bus Company on the issue of liability, and bringing up for review an order, same court and Justice, entered September 11, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the issue of liability against these defendants, unanimously affirmed, without costs.
The court correctly granted plaintiff summary judgment as to liability because the record established as a matter of law that the appealing defendants breached their common carrier's duty to stop at a place where alighting passengers may safely disembark and leave the area (see Miller v Fernan,73 NY2d 844, 846 [1988]; Blye v Manhattan & Bronx Surface Tr. Operating Auth., 124 AD2d 106, 109-111 [1st Dept 1987], affd 72 NY2d 888 [1988]). Despite admittedly seeing ice on the sidewalk upon approaching the bus stop, the bus driver opened the rear doors of the bus for passengers to disembark, even though the doors were positioned over the hazardous condition, instead of restricting exit from the bus through the front door, where a safe means of egress was available. Whether plaintiff heard the bus driver's direction to exit through the front door is immaterial, as plaintiff is not required to demonstrate the absence of his own comparative fault in order to obtain partial summary judgment on defendants' liability (see generally Rodriguez v City of New York, 31 NY3d 312 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023