Diosmaira v New York City Tr. Auth. (2025 NY Slip Op 02909)

Diosmaira v New York City Tr. Auth.

2025 NY Slip Op 02909

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-02064
 (Index No. 705033/19)

[*1]Adames Mejia Juana Diosmaira, appellant-respondent, 
v
New York City Transit Authority, respondent-appellant.

Jonah Grossman (Lawrence B. Lame, Jamaica, NY, of counsel), for appellant-respondent.
Anna J. Ervolina, Brooklyn, NY (Timothy O'Shaughnessy of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered February 9, 2023. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court entered June 22, 2022, denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendant's prior motion for summary judgment dismissing the complaint, which was granted in the order entered June 22, 2022, and, upon reargument, vacated so much of the order entered June 22, 2022, as granted that prior motion, and, thereupon, denied that prior motion.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she fell shortly after alighting from the defendant's bus. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. In an order entered June 22, 2022, the Supreme Court, among other things, granted the defendant's motion and denied that branch of the plaintiff's cross-motion. Thereafter, in an order entered February 9, 2023, the court granted the plaintiff's motion for leave to reargue her cross-motion and her opposition to the defendant's prior motion, and, upon reargument, inter alia, denied the defendant's prior motion for summary judgment dismissing the complaint and adhered to its prior determination denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability. The plaintiff appeals. The defendant cross-appeals.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). Here, the Supreme Court [*2]providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue her opposition to the defendant's prior motion for summary judgment dismissing the complaint (see id.). Upon reargument, the court properly denied the defendant's motion for summary judgment dismissing the complaint and adhered to its prior determination denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability.
"A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846; see Malawer v New York City Tr. Auth., 6 NY3d 800, 801) and to that end "to exercise reasonable and commensurate care in view of the dangers to be apprehended" (Fagan v Atlantic Coast Line R.R. Co., 220 NY 301, 306; Delisser v New York City Tr. Auth., 211 AD3d 907, 909 [internal quotation marks omitted]). Here, the defendant failed to establish, prima facie, that it did not breach its duty of care or that the alleged breach of its duty was not a proximate cause of the accident (see Miller v Fernan, 73 NY2d at 846; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The plaintiff failed to establish, prima facie, that the defendant did breach its duty to provide the plaintiff with a reasonably safe place to disembark and leave the area (see Miller v Fernan, 73 NY2d at 846).
The defendant's remaining contention is without merit.
BRATHWAITE NELSON, J.P., CHAMBERS, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court