Lans v Farnam (2025 NY Slip Op 03679)

Lans v Farnam

2025 NY Slip Op 03679

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-1029
[*1]Faige M. Lans et al., Respondents,
v
Jean L. Farnam et al., Defendants, and Capital District Transportation Authority, Appellant, and Nicole Vaccarino, Respondent.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Ceresia, McShan and Powers, JJ.

O'Connor, O'Connor, Bresee & First, PC, Albany (Elizabeth J. Grogan of counsel), for appellant.
LaFave, Wein & Frament, PLLC, Albany (Paul H. Wein of counsel), for Faige M. Lans and another, respondents.
Alan B. Brill and Associates, LLC, New City (Alysse D. Hopkins of counsel), for Nicole Vaccarino, respondent.

Pritzker, J.P.
Appeal from an order of the Supreme Court (Denise Hartman, J.), entered June 4, 2024 in Albany County, which, among other things, partially denied a motion by defendant Capital District Transportation Authority for summary judgment dismissing the complaint against it.
In January 2016, plaintiff Faige M. Lans was riding a bus operated by defendant Capital District Transportation Authority (hereinafter CDTA) to her music lesson in the Town of Bethlehem, Albany County. After getting off the bus at her stop, she moved to the sidewalk, turned to watch the bus pull away and proceeded to cross the street behind the bus. The driver of a car stopped behind the bus waved Lans across the street and, while crossing, she was struck by a car traveling in the opposite direction. Lans was transported to a local hospital where she was treated for serious injuries. Subsequently, she, along with her mother, brought this action against the driver of the car that struck her, the driver of the car that waved her across the street and CDTA. After issue was joined by all parties and discovery was concluded, CDTA moved for summary judgment to dismiss the complaint against it, arguing that it did not owe a special duty to Lans based upon her disability and that it had neither breached any duty owed to Lans nor had it been a proximate cause of her injuries. Plaintiffs cross-moved for summary judgment and opposed, arguing that CDTA clearly breached its duty by dropping Lans off at a location where she could not alight from the bus and move safely away, which was a direct cause of her injuries. Defendant Nicole Vaccarino, the driver who allegedly waved Lans across the street, also opposed CDTA's motion for summary judgment, arguing that factual disputes remained and that summary judgment was unwarranted. Supreme Court granted that portion of CDTA's motion seeking to dismiss claims against it based on the theory that Lans was owed a special duty of care due to her disability, but found that questions of fact remained both as to CDTA's alleged breach of duty to provide Lans with a safe place to alight from the bus and leave the area and as to its causal role in the accident. Thus, the court denied CDTA's motion for summary judgment as to those issues and denied plaintiffs' cross-motion in its entirety. CDTA appeals.
CDTA contends that Supreme Court erred by denying its motion for summary judgment as CDTA met its obligation to drop Lans off in a place where she could safely alight from the bus and leave the area. "A common carrier owes a duty to an alighting passenger to stop at a place where the passenger may safely disembark and leave the area" (Miller v Fernan, 73 NY2d 844, 846 [1988] [citations omitted and emphasis added]; see Lockhart v Adirondack Tr. Lines, 289 AD2d 686, 688-689 [3d Dept 2001]). "Whether a common carrier has breached its duty in this regard is generally a question of fact to be determined by a jury" (Malawer v New York City Tr. Auth., 18 AD3d 293, 295 [1st [*2]Dept 2005] [citation omitted], affd 6 NY3d 800 [2006]; see Kearns v Adirondack Trailways, Inc., 59 AD3d 774, 774 [3d Dept 2009]). "[T]he complaint of a passenger injured while leaving the area where the bus stopped for disembarkation will not be dismissed on a summary judgment motion if 'there is a factual dispute over whether there was any safe alternative route which plaintiff could have taken' " (Connolly v Rogers, 195 AD2d 649, 651 [3d Dept 1993], quoting Miller v Fernan, 73 NY2d at 846). As Supreme Court aptly determined, because "no party argues that crossing Delaware Avenue mid-block was a safe path," the issue distills to whether there was a safe alternative route which plaintiff could have taken once she disembarked the bus.
In support of its motion for summary judgment, CDTA provided, among other things, the deposition testimony of Lans, photographs showing details of the street and bus stop where she disembarked, video taken from various perspectives showing her exit from the bus and the expert affidavit of Timothy Reilly, a civil engineer and accredited accident reconstructionist. The photographs establish that the bus stop was located on Delaware Avenue, which is a two-lane road. Lans' destination is located across Delaware Avenue next to an intersection with Becker Terrace. The photographs also establish that the bus stop Lans used, which was adjacent to a sidewalk, was approximately 350 feet east of a marked crosswalk. Evidence proffered by CDTA demonstrates that there are certain advantages to placing bus stops in the middle of a block and that such placement may be justified. Additionally, Reilly, in his expert affidavit, ultimately opined that the bus stop used by Lans was "properly placed and provided a safe place for passengers to disembark [the bus], leave the area and travel to their final destination," referencing two adjacent crosswalks, the marked one approximately 350 feet from the bus stop and an unmarked crosswalk approximately 117 feet away. Given the foregoing, CDTA met its prima facie burden by "submit[ting] evidentiary proof in admissible form sufficient to establish not only that plaintiff[ ] [was] provided with a safe place to alight from the bus, but also that there was a safe path which plaintiff[ ] could have taken to leave the area" (Connolly v Rogers, 195 AD2d at 651; see also Salas v Adirondack Tr. Lines, Inc., 172 AD3d 775, 775 [2d Dept 2019]).
In opposition to CDTA's motion and in support of their own cross-motion for summary judgment, plaintiffs submitted the deposition testimony of several witnesses and the affidavits of Lans, her mother and the expert affidavit of Bradford Silver, a collision analysis and traffic safety expert. Richard Cordero, CDTA's manager of safety and training, stated that bus stops are generally located where it is safe for passengers to get on and off the bus, but conceded that CDTA did not have a policy designed to ensure that passengers could disembark and safely cross the street [*3]when a crosswalk was not immediately apparent. Cordero also noted that signs on the bus indicated that disembarking passengers should not cross in front of the bus and that it would be reasonable for a person to interpret that to mean that crossing a street should be done from behind the bus. Testimony from various witnesses demonstrated that, on the day and time of the accident, traffic on the roadway was heavy. In his affidavit, Silver opined that, after thorough review of the site, it was his expert opinion that the placement of the relevant bus stop was haphazard and that, given that it was located over 350 feet from the nearest marked crosswalk, it was "foreseeable" and "expected" that patrons using that particular stop "would eventually cross in the middle of a very busy highway and at times at a very busy time of day." In a reconstruction report attached to Silver's affidavit, he noted that, to access this marked sidewalk, a patron would need to cross over Becker Terrace, where there was no pedestrian crosswalk. Silver also averred that the sidewalk at the bus stop "was actually an extension of the paved road surface with no curbs in the area of impact on either side of the roadway." In his attached report, he further detailed that "there was no clear delineation of the sidewalk relative to the shoulder of the road." Ultimately, Silver opined that "[t]he bus stop in question did not provide a safe location to alight from the bus and leave the area in a safe manner."
Supreme Court found that "plaintiffs have raised questions of fact as to whether, given the distance of 350 to 360 feet, the crosswalk was reasonably accessible to patrons departing the bus at that particular stop and whether the alternative route was in fact safe given the nature of the sidewalk area, the nearest crosswalk's proximity to Becker Terrace and the lack of any [marked] crosswalk at the Becker Terrace intersection at the time of the accident." We agree. Given the condition of the sidewalk near the subject bus stop as well as the distance to a marked crosswalk and the competing expert opinion of Silver, plaintiffs' submissions raised material questions of fact as to whether CDTA breached its duty such that Supreme Court did not err in denying CDTA's motion for summary judgment (see Connolly v Rogers, 195 AD2d at 651-652; see also Kearns v Adirondack Trailways, Inc., 59 AD3d at 775; Lockhart v Adirondack Tr. Lines, 289 AD2d at 689).
Nor do we agree with CDTA that Supreme Court erred in finding material questions of fact as to the issue of proximate cause. "The overarching principle governing determinations of proximate cause is that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events that produced the injury. Where . . . a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence[*4]" (Cavosie v Hussain, 215 AD3d 1080, 1085 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]). "Proximate cause may be determined as a matter of law where the evidence conclusively establishes that there was an intervening act which was so extraordinary or far removed from the defendant's conduct as to be unforeseeable. That said, the question of whether a defendant's negligence proximately caused the alleged personal injuries is generally reserved for resolution by the trier of fact" (Bynum v Camp Bisco, LLC, 198 AD3d 1164, 1167 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]). Plainly stated, we do not find that CDTA met its prima facie burden as to proximate cause because its evidentiary proffer did not demonstrate that Lans' action of crossing the street mid-block could "be considered so 'extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [CDTA's] conduct,' that it breaks the chain of causation" (Hain v Jamison, 28 NY3d 524, 534 [2016], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; see Bynum v Camp Bisco, LLC, 198 AD3d at 1167). Accordingly, Supreme Court did not err in partially denying CDTA's motion for summary judgment.
Ceresia, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.